Railroad v. Williams.

RAILROAD v. WILLIAMS.

(*Jackson.* May 21, 1898.)

1. TAXATION. *Assessment of steamboat belonging to railroad.*

A County Tax Assessor has no authority to assess a steamboat belonging to a railroad company, and used by it exclusively in transferring freight and passengers across a river on its line of road. The assessors of railroad properties alone have power to assess such property. (*Post, pp. 147, 148.*)

2. SAME. *Recovery of taxes paid under protest.*

Only actions for State, and not actions for county or city taxes paid under protest, are required to be brought within thirty days after the payment. (*Post, p. 148.*)

Cases cited: Saunders v. Russell, 10 Lea, 299; Nashville v. Smith, 86 Tenn., 213.

3. SAME. *Same.*

A tax that is illegal in the sense of being unauthorized by any law, if exacted and paid under protest, and to save seizure of property, may, upon principles of the common law, be recovered back by the taxpayer. (*Post, p. 148.*)

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

W. G. WEATHERFORD for Railroad.

GEO. B. PETERS for Williams.

WILKES, J. This is a suit to recover taxes paid for State, county, and municipal purposes. It is in-

sisted the taxes were paid under duress and protest, and were illegal and unjust. The case was heard in the Court below upon an agreed statement of facts. There was judgment that the plaintiff was entitled to recover back the amount of State taxes paid, but was not entitled to recover back the county and city taxes. From so much of the judgment as refused to give judgment for the county and city taxes paid by the plaintiff, he has appealed and assigned errors.

It appears that the tax complained of was assessed by the County Assessor upon the steamer *General Pierson.* It is agreed that this steamer is used exclusively in transferring freight and passengers across the Mississippi River, at Memphis, from the tracks of the Little Rock & Memphis Railroad, in Arkansas, to its terminal tracks in Memphis, and is the property of the railroad company. It is insisted that, being railroad property, it is not subject to assessment by the County Assessor, but only by the State Railroad Assessors. It appears that it was not assessed by Railroad Assessors as "distributable property" of the railroad company. It does not appear whether it was by them assessed as "localized property" or not, and this is immaterial.

The trial Judge was of opinion that the tax was assessed by the county Assessor without any authority of law, and gave judgment that the plaintiff recover the portion paid to the State, inasmuch as it had

Railroad *v.* Williams.

been paid under protest, and sued for within thirty days thereafter, under the statute. The Court was evidently of the opinion that the county and city, not having sued to recover back the amounts paid by them in thirty days, would have no right of recovery, and that their remedy, if any, was by certiorari.

It has been held that the Act prescribing that taxes due the State must be paid, and suit brought within thirty days if deemed illegal and unjust, has no application to county and city taxes. *Saunders* v. *Russell*, 10 Lea, 299; *City of Nashville* v. *Smith*, 2 Pick., 213.

The effect of this is to leave the common law remedies in force in such cases, and the county and city, if the tax was illegal in the sense of being unauthorized by any law, could sue to recover it back, if exacted and paid under protest and to save seizure of property, and the thirty days' limit would not apply in such case.

We are of opinion there was no authority for such assessment by the county Assessor. In the entire absence of authority to assess the tax, it could be recovered back if the plaintiff was compelled to pay it to save his property from seizure and sale.

The question of a tax unequally laid, where the County Assessor had authority to make an assessment, and the proper remedy in such cases, does not arise under the facts in this case, and is not considered.

Railroad *v.* Williams.

There was an entire lack of power and authority to make this assessment, as the boat is clearly the property of the railroad company, and used in its business as a common carrier, and assessable, in the first instance, only by the Railroad Assessors. The fact that the Railroad Assessors failed to assess the boat as railroad property could not confer the right or power on the County Assessor to make such assessment. The Comptroller is the proper party to assess such property when it has escaped assessment.* *State* v. *Railroad*, 12 Pickle, 385. The County Assessor has only the authority conferred on him by the statute.

The judgment of the Court below is reversed, and proper judgment will be rendered here for the amount of taxes improperly collected from the plaintiff by the county and city, respectively, and the costs of the cause will be paid equally by the county and city.

---

* The State Tax Assessors now perform this duty under Acts 1897, Ch. 5, Sec. 20. —REPORTER.