# ARKANSAS BUILDING AND LOAN ASSOCIATION *v.* MADDEN.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

No. 68. Submitted October 26, 1899. — Decided December 4, 1899.

The collection of taxes under the authority of a State will not be enjoined by a court of the United States on the sole ground that the tax is illegal; but it must appear that the party taxed has no adequate remedy by the ordinary processes of the law, and that there are special circumstances bringing the case within some recognized head of equity jurisdiction.

In Texas the law is established that when a person, by the compulsion of the color of legal process, or of seizure of his person or goods, pays money unlawfully demanded, he may recover it back.

Inasmuch as the bill in this case contains nothing to indicate inability on the one hand to pay the franchise tax in question, or, on the other, to respond in judgment if it were found to have been illegally exacted, and sets up no special circumstances justifying the exercise of equity jurisdiction other than consequences which complainant can easily avert without loss or injury, the court holds that the bill cannot be sustained.

BY an act of the State of Texas approved April 3, 1889, (Laws Tex. 1889, c. 78, p. 87,) foreign corporations for pecuniary profit, with some exceptions not material here, desiring to do business in the State of Texas were required to file with the secretary of state a duly certified copy of their articles of incorporation and obtain a permit to transact business in the State, paying a fee therefor, the permit not to be issued for a period longer than ten years from the date of the filing. By an act approved May 11, 1893, (Laws 1893, c. 102, § 5, p. 158,) it was provided "that each and every private domestic corporation heretofore chartered or that may be hereafter chartered under the laws of this State, and each and every foreign corporation that has received or may hereafter receive a permit to do business under the laws of this State, in this State, shall pay to the secretary of state, annually, on or before the first day of May, a franchise tax of ten dollars. Any such corporation which shall fail to pay the tax pro-

vided for in this section shall, because of such failure, forfeit their charter."

. Section 17 of Article I of the constitution of Texas, ratified February 17, 1876, provided : " No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made unless by the consent of such ' person ; and, when taken, except for the use of the State, such compensation shall be first :made, or secured, by à deposit of money ; and no irrevocable or uncontrollable grant of special privileges or immunities shall be made ; but all privileges and franchises granted by the legislature or created under its authority shall be subject to the control thereof."

. And Article VIII :

; " SECTION 1. Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. The legislature may impose a poll tax. It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State. It may also tax incomes of both natural persons and corporations, other than municipal, except that persons engaged in mechanical and agricultural pursuits shall never be required to pay an occupation tax; . . .

" SEC. 2. All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; . . ."

" SEC. 4. The power to tax corporations and corporate property shall not be surrendered or suspended by act of the legislature by any contract or grant to which the State shall be a party."

" SEC. 17. The specification of the objects and subjects of taxation shall not deprive the legislature of the power to require other subjects or objects to be taxed in such manner as may be consistent with the principles of taxation fixed in this constitution."

. In July, 1896, the Arkansas Building and Loan Association,

a corporation of the State of Arkansas, filed its charter with the secretary of the State of Texas, and paid the fee required by the act of 1889, as well as the franchise tax of ten dollars required to be paid by the act of 1893, and received a permit to carry on its business in Texas for ten years.

The provisions of the acts of 1889 and 1893 were carried into the Revised Statutes of the State of Texas of 1895. By an act approved April 30, 1897, (Laws Tex. 1897, c. 104, p. 140,) and an act approved May 15, 1897, (Laws Tex. 1897, c. 120, p. 168,) these provisions were amended so as among other things to increase the annual franchise tax theretofore required, to graduate it according to the capital stock of the corporation, to provide that the failure to pay it should work a forfeiture of the right to do business in the State, and that the secretary of state should declare such forfeiture. The taxes imposed by these amendments were less upon domestic corporations than upon foreign corporations. Thereafter the Arkansas Building and Loan Association offered to pay the secretary of state the ten dollars required by the prior law as the franchise tax for the ensuing year, but the secretary refused to accept that sum and to give to the company the franchise tax receipt therefor, and demanded the larger sum required by the law of 1897, which amounted to two hundred and five dollars.

The company then filed a bill in the Circuit Court of the United States for the Western District of Texas against the secretary of state of Texas, setting up the foregoing facts, and charging that the act of 1897 was void because in contravention of the constitution of Texas, and of the commerce clause of the Constitution of the United States and of the Fourteenth Amendment to that instrument, and praying an injunction against the secretary of state restraining him from the collection of said alleged illegal tax, and from declaring complainant's permit and right to do business in the State forfeited by failure to pay the tax, and for general relief. To this bill defendant demurred, assigning as grounds that it set up no cause of action; that it disclosed that complainant had an adequate remedy at law; and that it showed that

the demand made of complainant was " in compliance with a valid existing law of. the State of Texas." The Circuit Court held that the law was valid and dismissed the bill.

*Mr. F. E. Albright, Mr. L. A. Smith* and *Mr. Drew Pruit* for appellant.

*Mr. M. M. Crane*, Attorney General of the State of Texas, and *Mr. T. A. Fuller* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The rule is that the collection of taxes under state authority will not be enjoined by a court of the United States on the sole ground that the tax is illegal, but it must appear that the party taxed has no adequate remedy by the ordinary processes of the law, and that there are special circumstances bringing the case within some recognized head of equity jurisdiction. *Pittsburg &c. Railway* v. *Board of Public Works*, 172 U. S. 32; *Shelton* v. *Platt*, 139 U. S. 591; *Dows* v. *Chicago*, 11 Wall. 108, 112.

In *Dows* v. *Chicago*, which has been frequently cited with approval, it was said by Mr. Justice Field, speaking for the court:

" The party of whom an illegal tax is collected has ordinarily ample remedy, either by action against the officer making the collection or the body to whom the tax is paid. Here such remedy existed. If the tax was illegal, the plaintiff protesting against its enforcement might have had his action, after it was paid, against the officer or the city to recover back the money, or he might have prosecuted either for his damages. No irreparable injury would have followed to him from its collection. Nor would he have been compelled to resort to a multiplicity of suits to determine his rights."

These decisions are in harmony with the sixteenth section of the judiciary act of 1789, now section 723 of the Revised Statutes, which declared the rule as then, and still existing,

that " suits in equity shall not be sustained ·in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law."

And· on principle, the interference of the courts of the United States by injunction with the collection of state taxes, or with state administration of matters of internal police, can only be justified in a plain case not otherwise remediable.

The grievance complained of in this case is that the Arkansas corporation entered on the transaction of business in Texas at a time when the annual franchise or license tax was ten dollars, and that it is ·now required to pay two hundred and five dollars,·by a subsequent law, which, it alleges, is unconstitutional.

The penalty denounced on failure to pay is the forfeiture of the right to do business in the State, and complainant averred that if that forfeiture were declared it would be subjected to irreparable injury and a multiplicity of suits.

It is on these grounds of equity interposition that the aid of the Circuit Court was sought to restrain the discharge by a state officer of duties imposed on him by the law of the State and to adjudicate as to the validity of that law.

But the bill of complaint did not set forth any facts tending to show that complainant could not escape the forfeiture by payment of the two hundred and ·five dollars under protest, and recover back the money so paid if the law should be held void.

We assume that the payment would, under the circumstances detailed, be compulsory and not voluntary, and no reason is perceived why the rule permitting recovery back would not apply.

That rule as applicable here is that an action will lie for money paid, under compulsion, or an illegal demand, the person making it being notified that his right to do so is contested. *Elliot* v. *Swartwout,* 10 Pet. 137; *Bend* v. *Hoyt,* 13 Pet. 263; *Philadelphia* v. *Collector,* 5 Wall. 720, 731; *Swift Company* v. *United States,* 111 U. S. 22. The principle is thus stated by Gaines, J., in *Taylor* v. *Hall,* 71 Texas, 213: "The law is established that when a person, by the compul-

sion of the color of legal process, or of seizure of his person or goods, pays money unlawfully demanded, he may recover it back."

The fact that the defendant is a state official is not in itself a defence, and our attention has been called to no statute of Texas which substitutes any other for the common law rule.

Inasmuch as the bill contains nothing to indicate inability on the one hand to pay the franchise tax in question, or on the other, to respond in judgment if it were found to have been illegally exacted, and sets up no special circumstances justifying the exercise of equity jurisdiction other than consequences which complainant can easily avert, without loss or injury, we are of opinion that it cannot be sustained.

It is quite possible that in cases of this sort the validity of a law may be more conveniently tested, by the party denying it, by a bill in equity than by an action at law; but considerations of that character, while they may explain, do not justify, resort to that mode of proceeding.

*Decree modified to a dismissal without prejudice, and as so modified affirmed.*