PULLMAN CO. v. TAMBLE, County Trustee.

(Circuit Court, M. D. Tennessee. August 7, 1909.)

No. 3,581.

1. TAXATION (§ 608*)—INJUNCTION TO RESTRAIN COLLECTION OF TAX—GROUNDS OF EQUITY JURISDICTION.

The illegality or unconstitutionality of a tax imposed by state authority is not of itself a ground for equitable relief in a federal court; but to give equity jurisdiction, and authorize the granting of relief by injunction in such courts, other circumstances must be shown, which bring the case under some recognized head of equity jurisdiction and show inadequacy of remedy at law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

2. TAXATION (§ 608*)—SUIT TO RESTRAIN COLLECTION OF TAX—EQUITY JURISDICTION.

That the validity of a tax may be more conveniently tested by a suit in equity than in an action at law does not justify a resort to equity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

3. TAXATION (§ 608*)—SUIT TO RESTRAIN COLLECTION OF TAX—EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.

Acts Tenn. 1873, p. 71, c. 44, which authorizes the payment of taxes under protest and their recovery by an action at law, if it shall be deter-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mined that they were wrongfully collected, affords an adequate remedy; and a federal court of equity is without jurisdiction to enjoin the collection of a tax in that state, unless special facts giving such jurisdiction are shown.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

**4.** Injunction (§ 118*)—Pleading—Jurisdictional Allegations.

A general allegation of irreparable injury is insufficient to show a case of equitable cognizance, without the further allegation of facts to support it.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 232; Dec. Dig. § 118.*]

**5.** Taxation (§ 608*)—Suit to Restrain Collection of Tax—Equity Jurisdiction.

An allegation, in a bill to enjoin the collection of a tax, of a threat to levy on and sell cars owned by defendant and used in interstate commerce, is not sufficient to confer jurisdiction on a federal court of equity, in the absence of any averment of complainant's inability to pay the tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1230–1241; Dec. Dig. § 608.*]

**6.** Taxation (§ 608*)—Suit to Restrain Collection of Tax—Equity Jurisdiction.

A bill against an officer of one county to enjoin the collection of a tax by him does not state a case of equitable cognizance, on the ground of preventing a multiplicity of suits, by alleging that similar conditions exist in other counties, the officers of which are not parties to the suit and would not be bound by the decree.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1240; Dec. Dig. § 608.*]

**7.** Taxation (§ 608*)—Suit to Restrain Collection of Tax—Equity Jurisdiction.

That an officer is proceeding to collect a tax by an unconstitutional method or without legislative authority is not sufficient to give a court of equity jurisdiction to grant an injunction, where complainant has an adequate remedy at law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1236; Dec. Dig. § 608.*]

In Equity. Bill by the Pullman Company against Peter M. Tamble, Trustee of Davidson County, Tenn., to enjoin collection of taxes. On motion for preliminary injunction. Motion denied.

This bill was filed by the Pullman Company, an Illinois corporation, against Peter M. Tamble, trustee of Davidson county, Tenn., to enjoin the collection of certain ad valorem taxes on the sleeping cars, dining cars, and parlor cars of the complainant. The bill, which was sworn to, alleged, in substance: That, on motions made by the revenue agent for Middle Tennessee, the predecessor of the defendant had assessed for taxation certain cars of the complainant, for state and county purposes, for the years 1904 to 1908, as property omitted from the previous assessment of taxes, and had rendered judgments against the complainant for such taxes in favor of the state and of Davidson county, with interest and penalties. That the complainant had appealed from the trustee to the State Board of Equalization, composed of the Comptroller, Secretary of State, and Treasurer of the State, which board had reviewed said assessment, and had rendered judgment in favor of the state of Tennessee and of Davidson county, and against the complainant, for the amount of said taxes for said years, aggregating, with interest and penalties, $30,743.30, together with the costs of the proceeding. That this assessment had been certified by the Board of Equalization to the defendant Tamble, trus-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tee of Davidson county, and he would, unless restrained, proceed to collect the taxes set out in said judgment, which would cause complainant irreparable injury and loss.

That the general offices of the complainant were located in, and its general officers resided in, Cook county, Ill., and that it had no office or place of business in Davidson county, Tenn., other than an agent in said county during said years, whose duty it was to care for its cars coming into and passing through said county.

That the property thus assessed for taxes consisted of all the cars of the complainant which had been in Davidson county, Tenn., on the 10th day of January of each of the years for which the taxes had been so assessed, but that none of said cars had been located in said county on any of said days for any other reason than that they had finished one journey and had been disconnected from the railroad trains to which they had been attached for the purpose of being used on another journey, except a few emergency or protection cars, which had been sent into said county for the purpose of being sent from there to other points on sleeping car lines running into said county, as emergency or necessity might require. That some of the cars so assessed had been in said county on a portion of said day, and in other counties of Tennessee on the same day, in making their respective journeys.

That similar motions for the assessment of complainant's cars were pending, for the years 1904 to 1907, in Shelby county, Hamilton county, and Knox county, Tenn., for the purpose of assessing, for state and county purposes, all cars of complainant which happened to be in said counties on the 10th of January of such years, including many of the cars which had been so assessed for taxes in Davidson county, as aforesaid.

That neither the defendant, Tamble, trustee of Davidson county, nor the State Board of Equalization, had or was given any jurisdiction by the Legislature of Tennessee to assess any of said cars for taxation, and that it was the intention of the Legislature that the privilege tax imposed upon complainant, and which it had paid for each of said years, should be the only tax which it should pay. That none of said cars were subject to assessment in Davidson county or in the state of Tennessee, or had ever had a domicile or a situs for taxation, or for any other purpose, in said county or state, and the situs of all of said cars on the 10th of January of each of said years was outside of the state of Tennessee, and not in said state. That said assessment was absolutely void and of no effect.

That the State Board of Equalization had furthermore overvalued said cars, and had intentionally valued the same at an amount in excess of their actual cash value, and had refused to equalize the assessed value thereof with other property assessed for valuation for said years in said county, which had generally been assessed, through the intentional action of the taxing authorities, at from one-fourth to one-third less than its actual cash value, and the assessment on complainant's property would result in complainant's being compelled to pay taxes on a higher valuation than other property was generally assessed for taxation in said county, and would deprive it of its property without due process, and deny it the equal protection of the laws, in violation of the fourteenth amendment of the Constitution of the United States.

That, furthermore, under the taxing system of the state for said years, freight and passenger cars owned by railroad companies operating in Tennessee were assessed upon the basis of the number of miles operated in Tennessee, and only that part of the value of such cars proportionate to the mileage in Tennessee was assessed for taxation. That, if the taxing system of Tennessee authorized the assessment of complainant's cars upon the basis attempted by the State Board of Equalization, it was an unjust and unlawful discrimination, and denied the complainant the equal protection of the laws, in violation of the fourteenth amendment of the Constitution of the United States.

That the State Board of Equalization had, furthermore, intentionally declined to assess each particular car separately, and it was impossible from the assessment to ascertain the value of any of the cars included in the assessment, and for this reason the assessment was void and of no effect.

That the only property complainant had in Tennessee was its cars coming into the state and passing through the state, and operated between points in

the state, on the various railroads entering said county. That said cars were necessary for the accommodation of the traveling public, and any interference therewith would be a serious inconvenience and irreparable loss to such railroads, the complainant, and the traveling public. That the defendant would, unless restrained, issue process and have the same levied upon said cars for the collection of the taxes claimed under said assessment, which would prevent said cars being used in complainant's business in connection with the railroads operating trains into said county, and be a serious interference with and irreparable loss to the traveling public. That the said assessment and tax was an unjust burden upon, and an unlawful interference with and regulation of interstate commerce, and the enforcement of the same, and any levy or process upon any of said cars, would be an unlawful interference with and a burden upon interstate commerce, and would impede the carrying on of interstate commerce, contrary to section 8 of article 1 of the Constitution of the United States.

Wherefore, as complainant could have no adequate relief, except in this court, it prayed for process, and for a preliminary injunction restraining and enjoining the defendant from taking any action looking to the enforcement or collection of said taxes, and from interfering with complainant's cars, and from issuing any process, or having any execution or other process issued or levied upon any of complainant's property, and in any manner interfering with complainant or undertaking to deprive it of its property without due process of law, and that upon final hearing the assessment be declared void and set aside, and the preliminary injunction made perpetual, and for general relief.

The case was heard on the complainant's application for preliminary injunction, on the bill; the defendant resisting this application on the ground, in effect, of want of equity in the bill.

W. L. Granbery, for complainant.
Edw. E. Barthell, for defendant.

SANFORD, District Judge (after stating the facts as above). Without deciding the important questions involved in determining whether or not the assessment of the taxes whose collection is sought to be enjoined in this case was illegal and void, I am of opinion that the complainant's motion for a preliminary injunction should be denied for want of equity in the bill. It is a guiding rule of equity, crystallized into statute form by the sixteenth section of the judiciary act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 82; Rev. St. § 723 [U. S. Comp. St. 1901, p. 583]), that it will not assume jurisdiction in cases where a plain, adequate, and complete remedy may be had at law. New York Guaranty Co. v. Water Co., 107 U. S. 205, 214, 2 Sup. Ct. 279, 27 L. Ed. 484; Boise Artesian Water Co. v. Boise City, 213 U. S. 279, 29 Sup. Ct. 426, 53 L. Ed. 796.

In applying this rule in the federal courts in cases where it has been sought to enjoin the collection of taxes or other impositions made by state authority, and in the exercise of a proper reluctance to interfere with the fiscal operations of state governments in all cases where the federal rights of the person could otherwise be preserved unimpaired, it has been uniformly held that the illegality or unconstitutionality of the tax or imposition is not of itself a ground for equitable relief in the federal courts, but that the aggrieved party will be left to his remedy at law, where that remedy is as complete, practicable, and efficient as the remedy in equity, and that in order to give equity jurisdiction, and before the preventive remedy by injunction can be invoked, there must be shown, in addition to the illegality or unconstitutionality of the tax

or imposition, other circumstances bringing the case under some recognized head of equity, such as that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, would throw a cloud upon the complainant's title. Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65; Hannewinkle v. Georgetown, 15 Wall. 547, 21 L. Ed. 231; State R. R. Tax Cases, 92 U. S. 575, 23 L. Ed. 663; Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Allen v. Pullman Co., 139 U. S. 658, 11 Sup. Ct. 682, 35 L. Ed. 303; Pacific Express Co. v. Seibert, 142 U. S. 339, 12 Sup. Ct. 250, 35 L. Ed. 1035; Pittsburg Ry. v. Board of Public Works, 172 U. S. 39, 19 Sup. Ct. 90, 43 L. Ed. 354; Arkansas B. & L. Ass'n v. Madden, 175 U. S. 269, 20 Sup. Ct. 119, 44 L. Ed. 159; Cruickshank v. Bidwell, 176 U. S. 73, 20 Sup. Ct. 280, 44 L. Ed. 377; Indiana Mfg. Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; Boise Artesian Co. v. Boise City, supra; Taylor v. Louisville R. R., 88 Fed. 350, 31 C. C. A. 537.

Applying these governing principles, I think it clear that the circumstances set forth in complainant's bill do not show inadequacy of remedy at law or bring the case within any recognized head of equity jurisdiction.

1. The general averment that the complainant "can have no adequate relief, except in this court," is a mere matter of inference, and insufficient, without the averment of facts sustaining such conclusion. Shelton v. Platt, 139 U. S. 591, 596, 11 Sup. Ct. 646, 35 L. Ed. 273. Such facts are not averred in the complainant's bill.

The mere illegality of the tax, and the threatened levy upon complainant's property to enforce its collection, is insufficient to give equitable jurisdiction, as the party of whom an illegal tax is collected has ordinarily an ample remedy by an action at law, which is presumably adequate, against the officer making the collection, or to whom the tax is paid, to recover the money. Dows v. Chicago, 78 U. S. 108, 112, 20 L. Ed. 65; Shelton v. Platt, 139 U. S. 591, 594, 11 Sup. Ct. 646, 35 L. Ed. 273; Cooley on Taxation, p. 538. And the possibility that the validity of the tax may be more conveniently tested by a bill in equity than by an action at law does not justify a resort to equity. Arkansas B. & L. Ass'n v. Madden, supra; Boise Artesian Co. v. Boise City, supra.

Furthermore, under the express provisions of the Tennessee act of 1873 (Acts 1873, p. 71, c. 44), where an officer charged by law with the collection of revenue due the state takes any steps for the collection of such revenue claimed to be due the state, a party conceiving the tax to be unjust or illegal may pay it under protest, and sue the officer to recover the money, and, if the court determines that it was wrongfully collected, then, upon its certificate to that effect, the Comptroller shall issue his warrant for the same, which shall be paid in preference to other claims on the treasury; the act further providing that there shall be no other remedy in any case of the collection of revenue, and no writ or other process for the prevention of such collection or to hinder and delay it shall in any wise issue.

This act, which has been sanctioned and applied by the Supreme Court of Tennessee in Railroad v. State, 8 Heisk. 663, and Nashville v. Smith, 86 Tenn. 213, 6 S. W. 273, provides a remedy at law which has been twice pronounced by the Supreme Court of the United States to be "simple and effective." Tennessee v. Sneed, 96 U. S. 69, 75, 24 L. Ed. 610; Shelton v. Platt, 139 U. S. 597, 11 Sup. Ct. 646, 35 L. Ed. 273. And again in Allen v. Pullman Co., 139 U. S. 658, 661, 11 Sup. Ct. 682, 35 L. Ed. 303, it was held that the jurisdictional averments in a bill seeking to restrain the Comptroller of Tennessee from collecting privilege taxes from the complainant on the ground of their unconstitutionality did not make out a case for equity interposition, for the reasons given in Shelton v. Platt and in view of the act of Tennessee of 1873. And, as has been expressly held, the taxpayer, after paying the tax under protest may in the same action recover the tax paid for county purposes, as well as those paid to the state. Railroad v. Williams, 101 Tenn. 147, 46 S. W. 448.

2. The general allegation in the bill that the collection of these taxes "will cause (complainant) irreparable injury and loss" is insufficient to show a case of equitable cognizance. The mere assertion that the apprehended acts will inflict irreparable injury is not enough, and, without the allegation of facts from which the court can reasonably infer that such would be the result, is fatally defective. Cruickshank v. Bidwell, 176 U. S. 73, 81, 20 Sup. Ct. 280, 44 L. Ed. 377.

Nor is irremediable injury shown or jurisdiction conferred by the fact that the tax has been levied on cars which are instrumentalities of interstate commerce, and which would be subject to levy in payment of the tax, in the absence of any averment of complainant's inability to pay the tax, since, in so far as appears, the complainant could avert all the consequences, which it deprecates as likely to ensue if the collection of the tax is not restrained, by paying the tax and suing for its recovery. Shelton v. Platt, 139 U. S. 597, 11 Sup. Ct. 646, 35 L. Ed. 273; Allen v. Pullman Co., 139 U. S. 661, 11 Sup. Ct. 682, 35 L. Ed. 303. In Shelton v. Platt the court said:

"The bill showed the company to be doing a vast business, and it was an unreasonable inference that it must submit to the sale of its wagons and horses, or that such a sale would work that kind of mischief which justifies the interference of equity in the application of a preventive remedy. Nor did the mere fact that its property might be used in the conduct of interstate commerce give jurisdiction."

3. As no question of real estate is involved in this case, the question of a cloud upon complainant's title as a ground of equitable jurisdiction, does not arise.

4. The bill does not make out a case of equitable jurisdiction on the ground of preventing a multiplicity of suits. While the bill, which is brought against the trustee of Davidson county alone, alleges that similar motions for the purpose of the back-assessment of complainant's property are pending in Shelby, Hamilton, and Knox counties, yet, so far as appears from the bill, the trustees of these counties may adopt the view of the law upon which complainant insists, and may decline to back-assess its property at all; and, even if they do proceed with such back-assessment, yet, not being parties to this suit, they

would not be bound by an injunction against the trustee of Davidson county, and further litigation would not, as a matter of law, be prevented by this suit.

The case is therefore clearly distinguishable from Taylor v. Louisville R. Co.; 88 Fed. 350, 357, 31 C. C. A. 537, in which it was held that the State Board of Equalization might be enjoined from certifying an illegal tax to the various counties and cities who were to collect it, thereby preventing at least 35 suits at law, which would otherwise be necessary to vindicate complainant's rights, and giving equitable jurisdiction in order to prevent multiplicity of suits, as well as upon the ground that the illegal tax created a cloud upon the complainant's property, and all similar cases, such as Sanford v. Poe, 69 Fed. 546, 16 C. C. A. 305, 60 L. R. A. 641, and Fargo v. Hart, 193 U. S. 490, 24 Sup. Ct. 498, 48 L. Ed. 761, in which a general state board or auditor was enjoined from certifying an illegal general state tax to the several county auditors of the state for purposes of collection; the case where the illegal tax is still in the hands of one central authority, and multiplicity of suits may be prevented by restraining its certification by such central authority to local collection officers throughout the state, being manifestly different from the case at bar, in which only one tax judgment is involved, which has already been certified for collection to the defendant trustee, who is alone a defendant in the case, and in which no injunction could be issued that would restrain the assessment or collection of other similar taxes by the trustees of the other counties referred to in the bill, being only three in number, or in any manner prevent, as a matter of law, litigation in regard thereto.

For similar reasons, the present case is clearly distinguishable from Raymond v. Chicago Traction Co., 207 U. S. 20, 28 Sup. Ct. 7, 52 L. Ed. 78, in which it was held that the collection of an illegal tax against a street car company might be enjoined for want of adequate remedy at law, where it would require a multiplicity of suits against various taxing authorities to recover the tax paid, a portion of which would go to the state, against which no action would lie, and that the amount of the tax was so great that it would cause the insolvency of the company, and a levy upon its property embarrass and injure the public.

5. The authorities do not, I think, sustain the contention that an exception is made to the rule of the federal courts denying equitable relief where there is an adequate remedy at law, and the circumstances do not bring the case within a recognized head of equity jurisdiction, merely because the tax is levied upon an unconstitutional basis or without statutory authority. In People's National Bank v. Marye, 191 U. S. 272, 288, 24 Sup. Ct. 68, 48 L. Ed. 180, the court merely reaffirmed the rule, long before announced in State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663, that a complainant, seeking equitable relief against an excessive tax, must first offer to pay that part of the tax which under its construction was not illegal, and expressly declined to intimate an opinion as to whether the bill was otherwise maintainable. In Fargo v. Hart, 193 U. S. 490, 503, 24 Sup. Ct. 498, 501, 48 L. Ed. 761, where the State Auditor was enjoined from certifying an assessment of taxes against an express company to the auditors of the several

counties of the state, the court, after expressly stating that it did "not abate at all from the strictness of the rule that in general an injunction will not be granted against the collection of taxes," said that the course adopted "avoids the necessity of suits against the officers of each of the counties of the state, and we are of opinion that the bill may be maintained." From which statement and the authorities cited in its support, including Union Pac. Ry. v. Cheyenne, 113 U. S. 516, 5 Sup. Ct. 601, 28 L. Ed. 1098, it is clear that the equitable jurisdiction in the case was rested upon the prevention of the multiplicity of suits if the tax were certified to all the auditors of all the counties in the state.

The case of Taylor v. Louisville Railroad, supra, is furthermore a direct authority against the complainant's contention. In that case the complainant, as stated in the opinion, sued the persons composing the State Board of Equalization, "seeking to enjoin them from doing certain acts which they assert to be by lawful authority of the state, but which the complainant avers to be without lawful authority." Page 356 of 88 Fed., page 543 of 31 C. C. A. Yet the court stated that, in order that the suit might be entertained in a court of equity, it must appear that the wrong about to be inflicted was such "that the remedies in a court of law are inadequate, and so bring the case under some recognized head of equity jurisdiction," and rested such jurisdiction specifically on the two grounds of preventing multiplicity of suits and removing a cloud upon the title to complainant's property. Page 357 of 88 Fed., page 544 of 31 C. C. A.

In the absence of threatened multiplicity of litigation, or other recognized ground of equitable jurisdiction, I can see no reason, on principle, why there should be stronger ground for equitable relief, as a matter of equity jurisdiction, merely because the officer whom it is sought to enjoin from the collection of taxes is alleged to have proceeded under an unconstitutional method or without legislative authority—as in the Taylor Case and the case at bar—than if it were averred that he was proceeding under an unconstitutional or void statute. This cannot affect the cardinal rule of equity that it will not assume jurisdiction or grant relief where a plain and adequate remedy exists at law.

It appears that the defendant, Tamble, who is sued in this case as the county trustee of Davidson county, is proceeding to collect a back tax assessed upon complainant, by his predecessor in office, by virtue of the general back-tax assessment laws of the state, vesting authority to make back-assessments in the county trustees, and under his construction of the Constitution of Tennessee and of the Tennessee assessment and revenue acts of 1903 and 1907 (Acts 1903, p. 632; Acts 1907, p. 2046), under which the taxes in question are claimed; and that the complainant, in accordance with the Tennessee statutes, appealed from the trustee to the State Board of Equalization and removed the proceedings to that board, by whom the trustee's assessment was affirmed, with added interest and costs, and certified back to the trustee for collection. As the trustee is an officer charged by law with the collection of revenue due the state, and as the act of 1873 provides that

the taxpayer may pay under protest and sue to recover any such tax "alleged or claimed to be due" by such officer, the complainant's right to pay the tax in question and sue for its recovery, if void, obviously exists as fully when the tax is claimed without legislative warrant as when the legislation under which it is claimed is unconstitutional.

Being of opinion, therefore, that the case presents no ground of equitable relief, and that the complainant has a complete and adequate remedy at law for such wrongs, if any, as it may suffer from the collection of the tax in question, if void, the motion for a preliminary injunction will be denied.

An order will be entered accordingly.