## LAFAYETTE WORSTED CO. v. PAGE, Collector of Internal Revenue.

(District Court, D. Rhode Island. June 24, 1925.)

No. 215.

1. **Internal revenue** ⊚⟃28—Exceptional cases, in which collection of tax may be enjoined stated.

Under Rev. St. § 3224 (Comp. St. § 5947), it is only when the taxing authorities act beyond their jurisdiction, or when their claim of legal authority is merely colorable, or when special and extraordinary circumstances of hardship are shown, that courts may prevent by injunction the collection of a tax.

2. **Internal revenue** ⊚⟃28—Commissioner enjoined from collecting deficiency assessment pending an appeal to the Board of Tax Appeals.

Under Revenue Act of 1924, which creates a Board of Tax Appeals, and provides that, on determination by the Commissioner that a deficiency exists in respect of a tax imposed, the taxpayer shall be notified and may appeal to the board, and the assessment of the deficiency shall await its action, or that, if an assessment is made under a "jeopardy" provision, the taxpayer may file a claim for abatement and on its rejection by the Commissioner may appeal to the board, where, in the latter case the claim for abatement was rejected several months after the board was organized, and an appeal was taken, the Commissioner *held* without power to collect the assessment by distraint while the appeal is pending, and a preliminary injunction granted to restrain such action.

In Equity. Suit by the Lafayette Worsted Company against Frank A. Page, individually and as Collector of Internal Revenue for the District of Rhode Island. On motion for preliminary injunction, and motion to dismiss bill. Motion to dismiss denied, and motion for injunction granted.

Michael J. Lynch, of Providence, R. I., Harry S. Hall, of Washington, D. C., and Frederick G. Fischer, of New York City, for complainant.

Norman S. Case, U. S. Atty., and Harold A. Andrews, Asst. U. S. Atty., both of Providence, R. I., for defendant.

MORTON, District Judge. The plaintiff was assessed and paid income taxes for the years 1918 and 1919. Thereafter applications for refunds were filed by it, on which about $167,000 was repaid. Later the Commissioner, having become convinced that the refund was erroneously allowed, made a "jeopardy" assessment, as it is called, of additional taxes upon the plaintiff for the same years and in the same amount as the refund. In so doing he relied upon the same figures and returns as those on which the original assessment was made; there was no claim of fraud, or that concealed income had been discovered. The Commissioner's notice of this reassessment was sent to the plaintiff under date of March 22, 1924. The plaintiff duly made application for abatement and took an appeal. This appeal was rejected by the Commissioner, and abatement was finally refused under date of November 25, 1924. In the meantime, on June 2, 1924, the Revenue Act of that year had been passed (43 Stat. 253), which established the Board of Tax Appeals. It allowed appeals to that board from the Commissioner's determination of deficiency taxes, and stayed collection of the tax pending the appeal.

As to the present tax, the Commissioner held that his determination with respect to it was the assessment made in March, 1924, before the enactment of the new Revenue Law. He therefore disregarded the plaintiff's appeal to the Board of Tax Appeals, and when the present bill was filed was threatening to enforce collection by immediate distraint with that appeal pending. The plaintiff contends that the assessment of March, 1924, was not a determination (within the act of 1924) by the Commissioner that the tax was due, because he entertained an appeal within his department, pending which the tax was held in abeyance, and that he did not finally decide (or "determine") that the tax was due until his final action thereon in November, 1924, after the passage of the new law. The plaintiff, therefore, urges that it had the right of appeal to the Board of Tax Appeals, and that there was no right to distrain for the tax pending that appeal.

The Board of Tax Appeals has decided that cases like this are within its jurisdiction.

Appeal of Ormsby, McKnight, Mitchell, Dec. 11, 1924; Appeal of Boston Structural Steel Co., Feb. 17, 1925; Appeal of Joseph Garneau Co., Nov. 21, 1924. There is a conflict of opinion between it and the Commissioner.

[1] Speaking generally, our law of taxation is based upon the principle that the entire power to assess and to collect taxes is committed to certain designated officers or boards. Within their field their action is not subject to be interfered with by the courts of law. No matter how erroneous or illegal their construction of the tax law or an assessment may be, the law courts are not to prevent the collection of the tax. The person assessed must pay it and bring his action in the courts to recover it back. It is only when the taxing authorities act beyond their jurisdiction or when their claim of legal authority is merely colorable, or when special and extraordinary circumstances of hardship are shown, that the law courts are free to disregard the provisions of Rev. St. § 3224 (Comp. St. § 5947), and prevent by injunction the collection of a tax. See Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901; Arkansas Building & Loan Ass'n v. Madden, 175 U. S. 269, 20 S. Ct. 119, 44 L. Ed. 159; Graham v. Dupont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965; Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816; Dodge v. Osborn, 240 U. S. 116, 36 S. Ct. 275; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822; Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061.

[2] Prior to the act of 1924 United States revenue taxation was under a single head, the Commissioner of Internal Revenue. Within his department (or bureau) there was a system of appeals and applications for abatement; but it was all under his control, and eventually his decision governed. There was no chance for conflict of opinion. The act of 1924 made a radical change, by establishing in the taxation branch of the government a body entirely independent of the Commissioner, and not under his control, and granting to it powers and jurisdiction of an important character. It restricted the Commissioner, by forbidding the collection of taxes assessed by him as to which appeals were pending before the new board.

The plaintiff's contention is that the Commissioner is disregarding the plain provisions of law in attempting to collect this tax pending the appeal to the Board of Tax Appeals, and that there is a remedy by injunction to prevent him from doing so. It is a question of importance, and, as the conflict of opinion upon it between the Commissioner and the board indicates, by no means free from doubt. The matter is still further complicated by the provision in the act of 1924 (section 283) that the portion of it which includes the sections giving the right of appeal to the Board of Tax Appeals upon deficiency assessments shall take effect as of January 1, 1924.

It can hardly be that the Commissioner is the sole and final judge of his own jurisdiction as between himself and an independent supervisory tribunal established by statute, nor that he is at liberty to disregard explicit provisions of law curtailing his power. The present case is essentially different from Nichols v. Gaston, 281 F. 67 (C. C. A. 1st), and similar decisions. The act of 1924 is basic. It affects, not only the Commissioner's authority, but his power and jurisdiction. See Kissinger v. Bean, Fed. Cas. No. 7,853. The questions presented are, in my opinion, for the courts to decide. Nor, as it seems to me, can it properly be held that such questions may not be raised by an individual affected by an erroneous assumption of power by the Commissioner. Injunction is a proper remedy in such matters. The plaintiff is entitled to it, if its contentions are sound.

No decisions have been referred to which throw much light on the proper construction of the statutes involved. The government's contention that the assessment is the determination is rather inconsistent with the settled practice of the Commissioner's department to entertain applications for revision of assessments. It might lead to a taxpayer prosecuting simultaneously proceedings for revision and an appeal to the board. Without undertaking a minute discussion of the statutes, I reach the same conclusion as the Board of Tax Appeals in Appeal of Terminal Wire Co., decided February 28, 1925, viz. that "it is the final decision by which the controversy as to the deficiency is settled and terminated, and by which a final conclusion is reached relative thereto and the extent and measure of the deficiency defined," which constitutes the Commissioner's determination within the act of 1924.

Just what effect should be given to the retroactive provision of the act of 1924 is by no means clear, and, in view of what has been said, it is unnecessary to decide this and the other points which were argued.

Motion to dismiss denied.

Decree for temporary injunction.