## REINECKE, Collector of Internal Revenue, v. PEACOCK.

(Circuit Court of Appeals, Seventh Circuit. December 12, 1924.)

No. 3431.

**1. Internal revenue ⬅28—That revenue statute is erroneously construed or unconstitutional does not give federal court jurisdiction to enjoin collection of tax.**

That a revenue statute is erroneously construed by the department, or even that it is unconstitutional, does not give a federal court jurisdiction to enjoin collection of the tax under it, as against the prohibition of Rev. St. § 3224 (Comp. St. § 5947).

**2. Internal revenue ⬅28—Collection of tax may not be enjoined as incidental to other equitable relief.**

That a suit is primarily one between beneficiaries of a trust and the trustees to declare and enforce the duties of the latter under the trust indenture does not extend the equitable power of the court to the restraining of a collector of internal revenue from the collection of a tax from the trust estate, as incidental to or in aid of the relief sought, unless under very exceptional circumstances, in view of the prohibition of Rev. St. § 3224 (Comp. St. § 5947), though it may enjoin the trustees from voluntarily paying the tax.

**3. United States ⬅137—Special appearance of district attorney as amicus curiæ held not to bind the United States.**

The special appearance of a district attorney in a suit by a beneficiary of a trust against the trustees, solely to suggest want of jurisdiction to grant the relief sought by reason of Rev. St. § 3224 (Comp. St. § 5947), and disclaiming any appearance for the United States, *held* not a waiver of the application of the statute, so as to confer jurisdiction after the collector of internal revenue was brought in as a defendant.

**4. Appeal and error ⬅324—Summons and severance held not necessary on appeal by one defendant.**

Where, in a suit by a beneficiary of a trust against the trustees to enjoin them from paying an internal revenue tax, the collector was subsequently brought in and an injunction sought to restrain collection of the tax, the latter issue is so unrelated to the former that on an appeal by the collector a summons and severance, or notice to the trustees, was not necessary.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Emelie W. Peacock against Mabel G. Reinecke, Collector of Internal Revenue for the First Internal Revenue District of Illinois, and others. From the decree, the Collector appeals, and complainant moves to dismiss the appeal. Motion to dismiss denied, and decree against the Collector reversed, with directions.

Appellant, collector of internal revenue for the First internal revenue district of Illinois, appeals from a decree of the District Court enjoining the collection of an income tax assessed against trustees of certain property, of which trust appellee is one of several beneficiaries. The bill of complaint sets out the indenture of trust, which provides that it shall be discretionary with the trustees as to what portion of the income from the trust estate shall be distributed, but that, when distributed, such income (above certain fixed charges and payments) shall be divided into six equal parts, one of which shall be paid appellee. It is further charged that for the years 1918 and 1919 the trustees elected to distribute, and did distribute in each of said years, the entire income, and for said years appellee and the other beneficiaries included in their individual income tax returns the amounts so received by them as part of their incomes for these years, and the income tax thereon was duly assessed and paid by the respective distributees; that the amount of her income tax paid upon her said distributive share was for the year 1918 $5,446.14 and for the year 1919 $17,920.11.

The bill further alleges that in 1923 the United States Bureau of Internal Revenue maintained that under the Revenue Act of 1918 the entire income of the trust estate was taxable to the trustees, and accordingly assessed to the trustees an income tax thereon, based on the entire income received for these years, respectively, and demanded the payment by the trustees an income tax for the year 1918 the sum of $119,778.75, and 1919 $162,842.50, and threatened the trustees with penalties if the tax as assessed was not paid by the trustees on or before May 4, 1923. It is further charged that the trustees had stated that they had decided they must make the payments demanded, notwithstanding appellee's request that they do not do so, and that they will make the payments unless enjoined therefrom by the court.

The bill sets forth appellee's contentions wherefor said assessment by the Bureau of Internal Revenue is unlawful and void, asserting that, if such assessment upon the

trustees is warranted by the Revenue Act of 1918, that act is in such respect unconstitutional, and charges that appellee has no remedy at law and would suffer permanent and irreparable injury, if the trustees were not restrained from paying the taxes, and demands that the court decree that no sum is due from the trustees for income tax for said years, and "that the said defendants be restrained and enjoined from paying the sums so demanded, or any part thereof, or from "voluntarily satisfying said demands to any extent whatsoever," and for general relief.

Shortly after the bill was filed Edwin A. Olson, United States attorney for the Northern district of Illinois, obtained leave of court to appear, and did appear, as "amicus curiæ, and, disclaiming any intention of in any manner representing or binding the United States, moves the court to dismiss the bill of complaint filed herein, and dissolve the order of May 3, 1923," for the reason that the suit is an attempt to evade the provisions of section 3224, Rev. Stats. U. S. (section 5947, Comp. St.), and that the court is without jurisdiction to consider the question of tax liability due to the United States, or to restrain the payment of the tax. The order of May 3, 1923, while not shown, was evidently a temporary restraining order against the trustees pursuant to the bill. Afterwards an order was entered reciting that Edwin A. Olson, United States district attorney, appeared as amicus curiæ, disclaiming in any manner to represent the United States, and ordered that his motion to dismiss the bill be denied, and that until the final hearing or further order of the court the trustees be enjoined from paying the collector of internal revenue at Chicago the above mentioned sums "or from voluntarily satisfying said demands to any extent whatsoever."

There the matter rested for nearly a year, when (March 24, 1924) appellee filed in the cause a petition reciting the prior proceedings therein, and alleging that appellant acting as collector of internal revenue and Edwin A. Olson as United States attorney have been directed by the Bureau of Internal Revenue to proceed with the collection from the trustees of said income taxes and interest thereon by distraint and sale, and asking that appellant and said Olson answer the petition and show cause why they should not be restrained until further order of the court from collecting the said taxes. Thereupon Olson as United States attorney moved that the petition be dismissed for

the reason that such a suit is prohibited by section 3224, Rev. Stats. U. S., that the plaintiff has a remedy at law, that she is without equity, and that she has not tendered payment of the taxes. On April 2, 1924, the court entered a decree denying the last-mentioned motion, and, reciting that the United States elected to stand by its motion, ordered the petition taken as confessed against the United States, and that appellant, as collector of internal revenue, be enjoined from interfering with the force and effect of the preliminary injunction theretofore granted, or with any final decree that might thereafter be entered making permanent the preliminary injunction, by collecting or proceeding to collect from the trustees the said sums in question, while such preliminary injunction remains in force, and, if the preliminary injunction shall be made permanent, while the permanent injunction shall remain in force, or until the further order of the court. The following day the court entered a decree in the cause, reciting that defendants (the trustees) having appeared in the cause, and making no further defense to the action, but electing to stand by their motion to dismiss the bill, which had theretofore been denied, ordered the bill to be taken as confessed against them, and found that none of the said taxes demanded of the said trustees were due from them, and decreed that the preliminary injunction of June 7, 1923, be made permanent, and that the trustees be perpetually enjoined from paying the collector of internal revenue the said sums or any part thereof. From the decree restraining appellant from collecting these taxes from the trustees, appellant prosecutes this appeal.

Chester A. Gwinn, of Washington, D. C., for appellant.

Herbert E. Pope, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] Section 3224 is unequivocal and must be given effect, unless it is clearly apparent that under the facts stated this case is of the exceptional nature, which in a few instances the courts have recognized. That the Bureau of Internal Revenue may be wholly in error in its construction of the Revenue Act of 1918 (40 Stat. 1057), and in its contention that by virtue of that act or regulations promulgated by the department the trustees, and

not the distributees, should have paid these taxes, or even in the unconstitutionality of the act itself in this regard, would not justify an injunction restraining the collection of the tax.

The authorities to this effect are numerous and conclusive, but we cite only the recent case of Bailey, Collector, v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L..Ed. 816, where the contention was made that the tax there in question was wholly void, because assessed under the Child Labor Tax Act, which was contended to be unconstitutional. The court said: "The averment that a taxing statute is unconstitutional does not take this case out of the section [3224]. There must be some extraordinary and exceptional circumstance, not here averred or shown, to make the provisions of the section inapplicable." It is interesting to note that this was the conclusion of the court, notwithstanding that upon the same day the same court by the same member of it (the Chief Justice) rendered an opinion holding the Child Labor Tax Act (Comp. St. Ann. Supp. 1919, §§ 6336⅞a to 6336⅞h) unconstitutional, and affirming a judgment rendered against a collector of internal revenue for the amount of a tax he had collected thereunder, and for the recovery of which that suit had been instituted. Child Labor Tax Case, 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817.

[2] It is contended for appellee that, because courts of equity have a broad jurisdiction over the administration of trusts, and this being primarily an action by a beneficiary against the trustees to declare and enforce the duties of the latter under the trust indenture, the equitable powers of the court will extend to the restraining of the collector of internal revenue, as incidental to or in aid of the equitable relief sought by the bill. Apart from the application here of section 3224, it may be said that, generally speaking, the proposition advanced has undoubted merit. We have carefully examined the many authorities cited for appellee, but we do not find that they go so far as to warrant the conclusion that, from the fact alone that equity is dealing with trustees and a trust, an exception is raised to the application of the statute. Much reliance is placed on the cases of Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Brushaber v. U. P. R. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713; Stanton v. Baltic Mining Co., 240 U. S. 103, 36

S. Ct. 278, 60 L. Ed. 546; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822; Gunter v. Atlantic Coast Line R. R. Co., 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477. But in these cases the action was grounded otherwise than upon the equitable powers of the court to grant the ancillary relief, because it had jurisdiction over litigation instituted by stockholders or others against their corporation.

In Pollock (Income Tax) Case it will be seen that the scope of the bill was, not to forbid payment of the tax assessed, but to enjoin the corporation from voluntarily paying the tax; and the direction of the Supreme Court was "to enter a decree in favor of the complainant in respect only of the voluntary payment of the tax," etc. It appears from the dissenting opinion of Mr. Justice White that the applicability of section 3224 was sharply in issue, and evidently with this in view it was stated in the prevailing opinion:

"As in Dodge v. Woolsey, this bill proceeds on the ground that the defendants would be guilty of such breach of trust or duty in voluntarily making returns for the imposition of, and paying, an unconstitutional tax; and also on allegations of threatened multiplicity of suits and irreparable injury. The objection of adequate remedy at law was not raised below, nor is it now raised by appellees, if it could be entertained at all at this stage of the proceedings; and, so far as it was within the power of the government to do so, the question of jurisdiction, for the purposes of the case, was explicitly waived on the argument. The relief sought was in respect of voluntary action by the defendant company, and not in respect of the assessment and collection themselves. Under these circumstances, we should not be justified in declining to proceed to judgment upon the merits."

The Brushaber Case presents the same situation—an action of a stockholder to restrain his corporation from voluntarily paying a tax charged to be unconstitutional. In evident explanation of the court's assuming to pass at all upon the merits of that controversy it was said in the opinion:

"Before coming to dispose of the case on the merits, however, we observe that, the defendant corporation having called the attention of the government to the pendency of the cause and the nature of the controversy, and its unwillingness to voluntarily refuse to comply with the act assailed, the United States as amicus curiæ has at bar

been heard both orally and by brief for the purpose of sustaining the decree."

Also in the Stanton Case the action by the stockholder was to enjoin voluntary payment by the corporation and its officers of an income tax assessed against it. It is readily conceivable that a corporation or a trustee might sacrifice or surrender the rights of stockholders or beneficiaries by voluntarily paying a tax, and failing to comply with prescribed legal requisites for preserving right of action and maintaining same for recovering back what may be so paid, and that in such circumstances a court of equity may properly interfere to prevent a voluntary payment and surrender of rights. This was evidently the scope of the relief sought in these three cases, and presumably, but for conditions pointed out at least in the Pollock Case, the court would not have assumed absolutely to restrain the collection of the tax, nor to have unqualifiedly declared the tax invalid.

In Hill v. Wallace the relief sought, and utimately granted, did include the restraining of the collector of internal revenue from collecting the tax levied under the Future Trading Act; but from the opinion it is clear that the case was regarded in a class practically by itself, and affords no precedent for general application. The bill was brought by members of the Chicago Board of Trade, on behalf of themselves and other members, against the Board of Trade and the revenue assessing officers, to restrain compliance with the act and the collection of a tax of 20 cents a bushel on contracts for sale of grain for future delivery, it being alleged that the Board of Trade would not institute suit to have the act declared unconstitutional before complying with it. While the Supreme Court sustained the bill, it was not upon the ground of the relations between complainants and the Board of Trade, and the necessity for ancillary relief through injunction against the revenue officers from collecting the tax in order to make effective the equitable relief which might be granted the plaintiffs against the Board of Trade, but it is placed primarily upon the ground that the extraordinary situation there presented justified injunctional relief, regardless of whether it was in an action brought by stockholders against their corporation or by the corporation itself. Respecting the statute in question the court said:

"Does section 3224, Rev. Stats., prevent the application of similar principles to a federal taxing act? It has been held by this court, in Dodge v. Brady, 240 U. S. 122, 126, that section 3224 of the Revised Statutes does not prevent an injunction in a case apparently within its terms in which some extraordinary and entirely exceptional circumstance makes its provisions inapplicable. See, also, Dodge v. Osborn, 240 U. S. 118, 122. In the case before us, a sale of grain for future delivery without paying the tax will subject one to heavy criminal penalties. To pay the heavy tax on each of many daily transactions which occur in the ordinary business of a member of the exchange, and then sue to recover it back, would necessitate a multiplicity of suits, and, indeed, would be impracticable. For the Board of Trade to refuse to apply for designation as a contract market in order to test the validity of the act would stop its 1,600 members in a branch of their business most important to themselves and to the country. We think these exceptional and extraordinary circumstances with respect to the operation of this act make section 3224 inapplicable."

But yet a further ground for maintaining the bill was stated as follows:

"The right to sue for an injunction against the taxing officials is not, however, necessary to give us jurisdiction. If they were to be dismissed under section 3224, the bill would still raise the question here mooted against the Board of Trade and its directors. The Solicitor General has appeared on behalf of the government and argued the case in full on all the issues. Our conclusion as to the validity of the act will, therefore, have the same effect as did the judgment of the court in respect to the income tax law in Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, to which the government was not a party, but in which the Attorney General on its behalf was heard as amicus curiæ."

It is contended that the Gunter Case justifies the propriety of enjoining the collector as relief ancillary to or in aid of the bill. It seems that in a preceding case (Humphrey v. Pegues, 16 Wall. 244, 21 L. Ed. 326) the Supreme Court had enjoined certain authorities of South Carolina from collecting a tax which long afterwards the Legislature of the state passed an act for again levying. Thereupon a supplementary proceeding in the old case was filed against Gunter, Attorney General of the state, to restrain him from enforcing collection of the newly authorized tax. This action was resisted, partly on the ground of the Eleventh Amendment, which denies to federal

courts jurisdiction in an action against a state, and of the provisions of section 720, Rev. Stats. (section 1242, Comp. St.), forbidding courts of the United States to grant any writ staying proceedings in a court of a state. But the court held that in the prior Pegues Case the state had voluntarily entered its appearance, and that "the court had acquired jurisdiction, with the assent of the state of South Carolina, to determine as to it the controversy presented in that case," and that the action against Gunter was in fact a supplementary proceeding to keep effective an injunction which the court then had power to grant in the action.

We find nothing in these cases which, as against the statute, justifies injunctive relief against the collector by reason merely of the trust relation between appellee and the trustees, and, unless some recognized exception to the statute's applicability is present, such relief must be denied appellee.

It is not seriously contended that there here appear any such circumstances as in Hill v. Wallace to justify the enjoining of the collector. There is nothing extraordinary nor unusual in this case, differing from any of the numberless cases wherein the contention is advanced that an income tax has been improperly assessed. If appellee's relief against the trustees be limited to injunctive relief against voluntarily paying the tax, it is in a situation no different from any taxpayer who may feel aggrieved at a tax. There is not here present even the equity of "multiplicity of suits," since the entire matter, as between appellee and the trustees and her cobeneficiaries could be included in a single action—for all the latter are well known and could have been made defendants had they declined to be plaintiffs. The bill charges no facts which would indicate extraordinary hardship or "irreparable ruin," not even alleging that the government was undertaking to collect twice the tax on this income, although it does not set forth the fact, stated in appellant's brief, of the government refunding to the beneficiaries such amounts as were theretofore paid by them.

The payment of the large sums demanded surely raises no exception in favor of the trustees. From the bill itself it appears that the trustees would pay the tax unless restrained, and no hardship in this respect is asserted beyond the inconvenience of recovering back the tax, if unlawfully collected.

[3] It is contended that the action of Mr. Olson in appearing as amicus curiæ so far submitted to the court the case of the United States and the collector as to waive the application of section 3224 and confer jurisdiction upon the court to bind the collector by its decree. His appearance as amicus curiæ, when the action was only between the beneficiary and the trustees, was specially limited in its scope and purpose; he disclaimed appearing for the United States, or for any other purpose than to suggest that the action was brought to circumvent section 3224, and that the court had no jurisdiction of it. It is true he moved to dismiss the action, but he particularly disclaimed he was doing this for the United States, and at that time the collector was in no way a party. When he appeared for the collector, he did not assume in any way to present any question other than that of the applicability of section 3224, and the right of the court thereunder to award an injunction against the collector. The decree enjoining the collector is separate and apart from that entered as between the original complainant and defendant to the action, and the appeal is only from the decree enjoining the collector. In this court no argument was made nor brief submitted on behalf of the United States, or of the collector, which directly or indirectly bears upon the question of the validity of the tax itself, and it does not appear that in the District Court the United States, or the collector, or the district attorney, contested that question in any way, but evidently carefully avoided so doing.

While it doubtless would be well, in proper cases, if the government would expedite the hearing of causes involving doubtful questions of general interest respecting the validity or construction of a taxing law, so as to afford the least inconvenience to the taxpayer, we cannot construe this strictly limited appearance into participation such as was considered in the cases referred to.

[4] It is further insisted that the appeal should be dismissed, and motion to that effect has been made, because there was here no summons and severance, or notice respecting the appeal, as to the trustees. Whatever the general rule may be, we do not regard such course as here necessary. There is no essential interrelation between appellant and the trustees respecting this controversy. Conceding for the purpose of the motion that appellee was entitled to maintain her action against the trustees to the extent, at least, of preventing them from sacrificing her rights by voluntarily paying the tax, and failing to undertake its

recovery through the means pointed out by the statutes, the according of such relief in no wise conflicts with, and bears no relation to, the proposition of the collector's proceeding in the first place to collect the tax without interference on the part of any one. The collector was in no wise interested in the proposition whether the tax was lawful or unlawful, or whether the act providing for it was unconstitutional or otherwise. Nor was the restraining of the collector in any wise essential to appellee's proper relief against the trustees. To hold otherwise would be in this roundabout way to accord relief by injunction which could not directly have been granted.

Appellee's motion to dismiss the appeal is denied, and the order or decree restraining Mabel G. Reinecke, as collector of internal revenue for the First district of Illinois, from proceeding against the said trustees for collection of the said taxes, is reversed, with direction to dismiss the petition filed in said cause March 24, 1924, for such order of restraint against said Mabel G. Reinecke as such collector and Edwin A. Olson as United States district attorney.