## HIGGINS MFG. CO. v. PAGE.

District Court, D. Rhode Island. July 18, 1927.

No. 270.

1. Injunction ⬅︎129(1)—Defendant's motion to dismiss bill admitted allegations thereof.

The motion of defendant to dismiss the bill of complaint for an injunction admitted the truth of the allegations of the bill of complaint.

2. Internal revenue ⬅︎28(3)—Court cannot interfere with assessment and collection of tax, except under extraordinary circumstances (Comp. St. § 5947).

The collection and assessment of a tax is a matter with which the courts cannot interfere, unless there are extraordinary circumstances, under Rev. St. § 3224 (Comp. St. § 5947), providing that no suit to restrain the assessment or collection of any tax shall be maintained.

3. Internal revenue ⬅︎28(3)—Injunction against collection of oleomargarine tax on nut product held maintainable, where tax had been judicially held illegal and would ruin established business, there being no adequate remedy at law (Comp. St. § 5947).

Where a certain nut product had been held not subject to oleomargarine tax, and the collection of the tax would ruin an established business, because the tax was so high that the maker could not afford to manufacture it, pay the tax, and sell the article, and in an action at law he could not recover adequate damages, held, that a bill would lie to enjoin the collection of the tax, notwithstanding Rev. St. § 3224 (Comp. St. § 5947), providing that no suit to restrain the assessment or collection of any tax shall be maintained in any court.

In Equity. Bill for injunction brought by the Higgins Manufacturing Company against Frank A. Page. On motion to dismiss. Motion denied.

Wilson, Churchill & Curtis and Alexander L. Churchill, all of Providence, R. I., for complainant.

Fred B. Perkins, Asst. U. S. Atty., of Providence, R. I., for respondent.

LOWELL, District Judge. This bill in equity was brought to restrain the collector of internal revenue for the district of Rhode Island from collecting a tax, alleged to be due under an act of Congress relating to oleomargarine, on "Higgins' Nut Product." The defendant filed a motion to dismiss.

In the year 1922 the defendant notified the plaintiff that he was going to collect a tax on the product known as "Nut–Z–All," after all of it which had then been made had been exhausted. The plaintiff paid the tax on a small quantity of this compound, and sued to get it back. Judge Brown in a very careful opinion (Higgins Mfg. Co. v. Page [D. C.] 297 F. 644) decided that the tax was not due, as the act of Congress did not subject the plaintiff's compound to a tax. There was no appeal from this decision.

[1] The bill of complaint in the case at bar —the allegations of which are admitted by the motion to dismiss—alleges that the compound now known as "Higgins' Nut Product" is the same as "Nut–Z–All," that the way in which it is put up is the same, and that all the circumstances of the case are identical with the one decided by Judge Brown. The bill further alleges that the defendant has notified the plaintiff that on the 1st of October, 1927, he will collect a tax of 10 cents a pound on Higgins' Nut Product under the oleomargarine statute. We have, therefore, a case where the collector of internal revenue for the district of Rhode Island is threatening to take action which the court for that district has held to be illegal.

At the hearing it was contended by the defendant that under Revised Statutes, § 3224 (Comp. St. § 5947), the court had no power to restrain the collection of the tax. This raises a serious question. It is alleged in the bill—and admitted by the motion to dismiss—that, if the tax is laid and collected, the business of the plaintiff will be ruined, because in an action at law, brought after paying the tax, it cannot recover adequate damages. The tax is so high that the plaintiff cannot afford to manufacture the compound, pay the tax, and sell the article, and the alternative is to stop making it and destroy an established business.

[2, 3] It is true, of course, that except under extraordinary circumstances a court cannot interfere with the assessment and collection of a tax. See Graham v. Du Pont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965, and

cases cited. But the Supreme Court of the United States has said, in Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822:

"It has been held by this court, in Dodge v. Brady, 240 U. S. 122, 126 [36 S. Ct. 277, 60 L. Ed. 560] that section 3224 of the Revised Statutes does not prevent an injunction in a case apparently within its terms in which some extraordinary and entirely exceptional circumstances make its provisions inapplicable." 259 U. S. at page 62, 42 S. Ct. 456, 66 L. Ed. 822.

See, also, Acklin v. People's Sav. Ass'n (D. C.) 293 F. 392, 394; Lafayette Worsted Co. v. Page (D. C.) 6 F.(2d) 399.

It is true, as contended by the defendant, that the statement was not necessary for the decision of the case (see 259 U. S. at pages 62 and 63, 42 S. Ct. 453, 66 L. Ed. 822); but the statement of the court deserves all the greater attention from that fact, as it evidently wished to draw attention to the matter.

The case at bar seems to be one coming within the exception above stated by the Supreme Court of the United States. The circumstances are exactly the same as in Higgins Mfg. Co. v. Page, ubi supra. There has been no change in the congressional statute relating to oleomargarine. The action threatened by the collector of internal revenue for Rhode Island is therefore in defiance of the decision of the court. This is an extraordinary situation, and calls for the interposition of injunctive relief. If it be true, as contended by the defendant, that a tax may be collected, although it has been judicially determined to be illegal, the result will be that the taxing authorities are entirely above and beyond the law. Although the Supreme Court of the United States has held that a tax laid under an unconstitutional statute will not be restrained (see Bailey v. George, 259 U. S. 16, 42 S. Ct. 419, 66 L. Ed. 816), in that case there was a complete and adequate remedy at law. It should be noted, also, that the statute had not been held void until after the tax was assessed. The taxing power is essential to the existence of the government, and the courts have rightly gone very far in holding that taxing authorities should not be interfered with. Snyder v. Marks, 109 U. S. 189, 3 S. Ct. 157, 27 L. Ed. 901, and cases cited. But in this case, where there is no adequate remedy at law, the court should have power to grant relief; otherwise, the citizen will be more at the mercy of the departments of the national government than is consistent with life in a free country. Acklin v. People's Sav. Ass'n (D. C.) 293 F. at page 394.

Motion to dismiss denied.