238 F.2d 552
 65 A.L.R.2d 543, 56-2 USTC P 10,072
 William H. MARTIN, doing business as Martin's Auto Trimming,
Inc., on behalf of itself and others similarly
situated, Appellant,
v.
T. C. Coleman ANDREWS, Collector of the Internal Revenue
Service of the United States, and Robert A. Riddell, as
Director of the Internal Revenue Service for the Southern
District of California, Appellees.
 No. 14949.
 United States Court of Appeals Ninth Circuit.
 Nov. 15, 1956.
 
 Phill Silver, Hollywood, Cal., for appellant.
 Charles K. Rice, Asst. Atty. Gen., Lee A Jackson, Louise Foster, Sp. Assts. to Atty. Gen., Walter R. Gelles, Atty., Dept. of Justice, Washington, D.C., Laughlin E. Waters, U.S. Atty., Edward R. McHale, Asst. U.S. Atty., Los Angeles, Cal., for appellee.
 Before FEE, BARNES and HAMLEY, Circuit Judges.
 HAMLEY, Circuit Judge.
 
 
 1
 This action was brought by a taxpayer to enjoin the collection of a federal manufacturers' excise tax upon custom-made automobile seat covers. While no specific request was made for a declaratory judgment, the trial court thought that five of the six causes of action also invoked the Declaratory Relief Act.[1]
 
 
 2
 After a first amended complaint and certain supporting and opposing affidavits had been filed, defendants moved to dismiss the action. The motion was granted on the ground, among other things, that the maintenance of such a suit is forbidden by statute.[2] A judgment of dismissal was entered. Plaintiff appeals.
 
 
 3
 With regard to declaratory relief, appellant cites three cases for the proposition that, notwithstanding 28 U.S.C.A. § 2201, an action concerning tax problems may be maintained by a taxpayer where extraordinary and exceptional circumstances are shown.[3]
 
 
 4
 The Murphy and Casale cases do not so hold, expressly or tacitly, and in each, declaratory relief was denied. In Tomlinson, plaintiff sued in the capacity of a trustee, for the purpose of protecting the rights of a taxpayer's mortgagee and general creditors. Since the plaintiff was not the taxpayer and was therefore permitted to enjoin the collector, it was held that he could also obtain a declaration of the rights of the parties under the restraining order. It was expressly held, however, that the court was without jurisdiction to enter a declaratory judgment as to the validity of the tax.
 
 
 5
 In our view, 28 U.S.C.A. § 2201 is not subject to the exception contended for. We hold that appellant may not obtain declaratory relief in this action.[4]
 
 
 6
 With respect to injunctive relief, the rule is established that, under certain extraordinary and exceptional circumstances, such a suit may be maintained by a taxpayer, notwithstanding 26 U.S.C.A. § 7421(a).[5]
 
 
 7
 The prime question presented here is whether such circumstances exist in this case. In determining this question, we accept as true the recitals of the first amended complaint, as summarized below.[6]
 
 
 8
 Appellant and the one hundred eighty-five individuals and firms it represents in this class action are engaged in the automobile upholstery business. They make and install seat covers, cut and sewed to fit particular automobiles. The customers are individual automobile owners and new and used car dealers. These firms do not make seat covers by pattern, or stock ready-made seat covers.
 
 
 9
 Prior to August 18, 1952, these firms made no effort to collect from their customers and remit to the government a federal manufacturers' excise tax upon such items. In following this course, they were relying upon various written and verbal opinions and regulations of the Bureau of Internal Revenue.
 
 
 10
 On August 18, 1952, the bureau issued a bulletin[7] stating that the bureau, reversing its prior rulings, now considered custom-made seat covers, sold to individual automobile owners, subject to the manufacturers' excise tax.[8] It was indicated, however, that the tax would not be applied retroactively as to such sales, except in certain cases not here in question. This bulletin contained the further statement that, as to sales of custom-made seat covers to new and used car dealers, the tax had always been applicable, and would continue to be so. Appellant, of course, disagrees with the conclusions stated in this bulletin.
 
 
 11
 As soon as the upholstery firms involved in this suit received notice of the August 18, 1952, ruling, they began paying the tax on all transactions thereafter consummated. Some time later, appellant and several other upholstery firms received notices of proposed excise tax assessments covering the period from 1950 to August 31, 1952. In conformity with the terms of the 1952 bulletin, these proposed assessments were limited to transactions involving the sale of custom-made covers to new and used car dealers.
 
 
 12
 It is asserted in appellant's complaint that custom-made seat covers are not taxable because they are not parts and accessories, and because the upholstery firms are not manufacturers, but are suppliers of labor and material. It is further asserted that the assessment of such a tax is arbitrary and confiscatory, constituting a denial of the equal protection of the law in violation of the Fourteenth Amendment. It is also alleged that, in view of prior rulings, appellees are estopped to assess and collect the tax.
 
 
 13
 According to the complaint, appellant and many other such firms are unable 'at this time' to pay the tax which has been assessed for prior transactions; that they will be forced to close and liquidate their businesses 'if the defendants insist upon immediate payment * * *'; that the resulting oppression and injustice will cause irreparable injury and damage; and that the business of the courts will be obstructed by a multiplicity of refund suits which will be brought with respect to both past and future transactions.
 
 
 14
 In arguing that these allegations show extraordinary and exceptional circumstances warranting injunctive relief despite the prohibiting statute, appellant relies primarily upon Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. Injunctive relief was there granted on a showing that the collector was proceeding in defiance of three district court decisions in which it had been determined that the product was not taxable;[9] that no effort was being made to impose a like tax upon similar products being marketed in the same area; and that the tax of ten cents a pound would greatly exceed the possible margin of profit of three cents a pound, so that plaintiff could not possibly have continued in business.[10]
 
 
 15
 In our view, the extremely aggravated circumstances of the Nut Margarine case have no counterpart in the instant case. Higgins Mfg. Co. v. Page, D.C.R.I., 20 F.2d 948, also cited by appellant, involved substantially the same circumstances as were before the court in the Nut Margarine case.
 
 
 16
 The remaining cases cited by appellant on this branch of the case are readily distinguishable. In Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448, public officers would have been subjected to criminal and civil penalties, and, under the circumstances, it was held that the Board of Regents, representing an instrumentality of the state, had no adequate remedy by way of a refund suit or otherwise. In Midwest Haulers, Inc. v. Brady, 6 Cir., 128 F.2d 496, and Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247, it was alleged that a refund suit would have provided an inadequate remedy, because the tax enforcement process would have destroyed intangible assets for which there could be no reimbursement.[11]
 
 
 17
 In Shelton v. Gill, 4 Cir., 202 F.2d 503, and Holland v. Nix, 5 Cir., 214 F.2d 317, the injunction suit was not brought by or on behalf of a taxpayer. In four cases cited by appellant,[12] the exaction sought to be enforced by the government was not a true tax. In Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557, and Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560, injunctions were denied. The other cases cited by appellant pertain to state or local taxes.[13]
 
 
 18
 In the absence of an allegation or showing of aggravated circumstances, such as was made in the Nut Margarine, Hirst, and Midwest Haulers cases, an allegation that collection of a tax on past transactions threatens destruction of the taxpayer's business or estate fails to state extraordinary and exceptional circumstances sufficient to permit maintenance of such a suit.[14] As stated in the Reams case, 140 F.2d at page 241:
 
 
 19
 'Hardship in raising money with which to pay taxes is now common to all taxpayers, but this is not a special circumstance conferring equity jurisdiction on the courts to prevent collection by injunctive process. State of California v. Latimer, 305 U.S. 255, 262, 59 S.Ct. 166, 83 L.Ed. 159.'
 
 
 20
 Appellant also argues that the statute prohibiting such suits is not applicable where, as here alleged, the taxing agent does not have jurisdiction because of the illegality of the tax, as distinguished from errors or irregularities or other defects which are not jurisdictional.
 
 
 21
 In support of this proposition, appellant calls attention to a sentence of the opinion in the Nut Margarine case. This sentence is to the effect that a valid oleomargarine tax could 'by no legal possibility have been assessed * * * and therefore the reasons underlying § 3224 apply, if at all, with little force.' 284 U.S. at page 510, 52 S.Ct. at page 263. As previously shown, there were a number of aggravated circumstances present in that case. The court held that an injunction would lie where, 'in addition to the illegality of an exaction', there exist special and extraordinary circumstances. There is no basis for concluding that an injunction would have been granted had the sole ground been the collector's lack of jurisdiction to levy the tax.[15]
 
 
 22
 The mere illegality of the exaction is insufficient to justify a holding that the statute prohibiting such actions is inapplicable.[16] This is true even though the asserted illegality is predicated upon a claim of unconstitutionality.[17]
 
 
 23
 Finally, appellant argues that, despite the prohibitory statute, an injunction suit may be maintained where the enforcement of an illegal tax would lead to a multiplicity of suits. It is not argued that an individual taxpayer would be required to bring a multiplicity of suits, but rather that many taxpayers would have to bring individual suits.
 
 
 24
 The cases cited by appellant in support of this contention are not in point, since none of them involves a federal tax.
 
 
 25
 If a taxpayer is placed in a position where he will be required to bring a multiplicity of refund suits, this may be a factor to be considered in determining whether there are exceptional and extraordinary circumstances making the statute inapplicable.[18] But such circumstances are not established by showing that, unless the injunction issues, many taxpayers will each have to bring an individual refund suit. Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557.
 
 
 26
 Affirmed.
 
 
 
 [1]
 28 U.S.C.A. §§ 2201, 2202
 
 
 [2]
 26 U.S.C.A. § 7421(a) (Internal Revenue Code of 1954), which is a re-enactment of the Internal Revenue Code of 1939, § 3653(a), and also of § 3224 of the Revised Statutes:
 'Tax.-- Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.' 28 U.S.C.A. § 2201:
 'Creation of remedy.-- In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.' (Wmphasis supplied.)
 
 
 [3]
 Murphy v. Graves, 6 Cir., 120 F.2d 243, certiorari denied sub nom. Murphy d.b.a. La France Toledo Co. v. Brady, 314 U.S. 661, 62 S.Ct. 116, 86 L.Ed. 529; Tomlinson v. Smith, 7 Cir., 128 F.2d 808; Casale, Inc., v. Pedrick, D.C.S.D.N.Y., 72 F.Supp. 848
 
 
 [4]
 See Red Star Yeast & Products Co. v. La Budde, 7 Cir., 83 F.2d 394; Wilson v. Wilson, 4 Cir., 141 F.2d 599; Royce v. Squire, 9 Cir., 168 F.2d 250; Noland v. Westover, 9 Cir., 172 F.2d 614, certiorari denied 337 U.S. 938, 69 S.Ct. 1515, 93 L.Ed. 1744; Taylor v. Allan, 10 Cir., 204 F.2d 485
 
 
 [5]
 Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Matcovich v. Nickell, 9 Cir., 134 F.2d 837
 
 
 [6]
 On a motion to dismiss, the facts properly pleaded must be taken as established. Yuba Consolidated Gold Fields v. Kilkeary, 9 Cir., 206 F.2d 884
 
 
 [7]
 S.T. 944, 1952-2, Cum.Bull. 255
 
 
 [8]
 Section 3403, Internal Revenue Code of 1939, as amended by § 544(b) of the Revenue Act of 1941, c. 412, 55 Stat. 687; 605(c)(1) of the Revenue Act of 1950, c. 994, 64 Stat. 906; and § 481(c) of the Revenue Act of 1951, c. 521, 65 Stat. 452, 26 U.S.C.A. (I.R.C.1939) § 3403
 
 
 [9]
 Two of these decisions are reported: Higgins Mfg. Co. v. Page, D.C.R.I., 297 F. 644; Higgins Mfg. Co. v. Page D.C.R.I., 20 F.2d 948
 
 
 [10]
 This is disclosed in the opinion of the Court of Appeals in that case. Miller v. Standard Nut Margarine Co., 5 Cir., 49 f,.2d 79. The court there said that the action by taxing authorities 'was taken in contemptuous disregard of unappealed from court decisions'; that the basis of the claim 'was so unsubstantial as to be frivolous'; and that the holding that the product was taxable 'was so arbitrary and capricious that it amounted to a mere administrative fiat, which, in effect, was no decision at all.' At page 84
 
 
 [11]
 See Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237, which so interprets the Midwest Haulers and Hirst cases
 
 
 [12]
 Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061; Regal Drug Corp. v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318; and Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513, rehearing denied, 297 U.S. 726, 56 S.Ct. 438, 80 L.Ed. 1009. In so classifying Hill v. Wallace, the court, in Graham v. du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965, said that the Hill case should be classified with Lipke v. Lederer, supra. See, also, the discussions of the Hill case in Milliken v. Gill, 4 Cir., 211 F.2d 869, certiorari denied, 348 U.S. 827, 75 S.Ct. 47, 99 L.Ed. 652, and Reinecke v. Peacock, 7 Cir., 3 F.2d 583, appeal dismissed for want of jurisdiction, 271 U.S. 643, 46 S.Ct. 481, 70 L.Ed. 1128
 
 
 [13]
 Except Morris v. United States, 4 Cir., 229 F.2d 151, which has nothing to do with either taxes or injunctions
 
 
 [14]
 Kaus v. Huston, 8 Cir., 120 F.2d 183; Burke v. Mingori, 10 Cir., 128 F.2d 996, certiorari denied sub nom. Mingori v. Broderick, 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237; Jewel Shop of Abbeville, S.C. v. Pitts, 4 Cir., 218 F.2d 692
 
 
 [15]
 Ogden City v. Armstrong, 168 U.S. 224, 18 S.Ct. 98, 42 L.Ed. 444, and Varney v. Warehime, 6 Cir., 147 F.2d 238, certiorari denied, 325 U.S. 882, 65 S.Ct. 1575, 89 L.Ed. 1997, rehearing denied 326 U.S. 805, 66 S.Ct. 15, 90 L.Ed. 490, also cited by appellant, are not in point. The Ogden case involved state and local property taxes. The Varney case pertains to assessments against milk handlers, which were held to be neither the levying of a tax nor a revenue measure. Appellant also quotes language purporting to come from the decision in Graham v. du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965. The quoted language, however, is drawn from the argument of respondent, which is summarized immediately preceding the decision of the court. The respondent lost the case, the Supreme Court reversing with directions to dissolve the injunction
 
 
 [16]
 Allen v. Shelton, 5 Cir., 96 F.2d 102; Matcovich v. Nickell, 9 Cir., 134 F.2d 837; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237; Dyer v. Gallagher, 6 Cir., 203 F.2d 477
 
 
 [17]
 Dodge v. Osborn, 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557; Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560; Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816
 
 
 [18]
 See language in Hill v. Wallace, 259 U.S. 44, 62, 42 S.Ct. 453, 66 L.Ed. 822. This decision may not be authoritative, however, for the reasons indicated in footnote 12. See, also, Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237