**John N. FLOOD, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Internal Revenue Service, Defendant.**

**No. 67-C-201.**

United States District Court
E. D. Wisconsin.

Nov. 17, 1967.

John N. Flood, pro se.

James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

### DECISION ON MOTIONS

GORDON, District Judge.

This memorandum will consider two separate motions in this action which are before the court. The plaintiff has moved for a temporary restraining order to prevent the Commissioner of Internal Revenue from attempting to collect certain taxes assessed against the plaintiff. The defendant has moved to dismiss the

plaintiff's action. The court has concluded that the defendant's motion to dismiss must be granted; this ruling necessarily disposes of the plaintiff's application for injunctive relief.

The plaintiff brings this suit pro se to challenge the efforts of the Commissioner of Internal Revenue to assess and collect taxes on dealer reserves for the years 1951 and 1952. 26 U.S.C. § 481. Plaintiff alleges that the tax is illegal and unconstitutional and that collection of the tax will cause plaintiff's business to be destroyed. In his complaint, the plaintiff prays for the following relief:

"1. That the taxation of dealer reserves be declared unconstitutional in the year set up on the books of the finance company, as applied to plaintiff.

2. For a permanent injunction against defendant against the assessment and collection of taxes on dealer reserves set up on books of finance company in the years 1951 and 1952.

3. For an accounting of all taxes, interest, etc., paid by plaintiff on taxes for dealer reserves for the years 1951 and 1952 and for a refund to plaintiff."

Insofar as the plaintiff seeks either a temporary or a permanent injunction against the collection of a tax, he falls within the grip of 26 U.S.C. § 7421(a), which provides as follows:

"(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

■ In both Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961), and Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), the United States Supreme Court recognized a very limited exception to the general rule just recited; this exception provides that collection may be enjoined where it is clear that the government will not ultimately prevail in the collec-

tion of the tax, assuming equity jurisdiction otherwise exists.

■ In my opinion, there are no special or extraordinary circumstances in the case at bar to warrant the application of the narrow exception cited above. The court is mindful of the plaintiff's contention that the collection of the tax on dealer reserves for 1951 and 1952 will destroy his business; however, such an allegation is not sufficient to bring the plaintiff within the exception. Martin v. Andrews, 238 F.2d 552, 555, 65 A.L.R. 2d 543 (9th Cir. 1956). See also Midwest Haulers, Inc. v. Brady, 128 F.2d 496 (6th Cir. 1942); John M. Hirst & Co. v. Gentsch, 133 F.2d 247 (6th Cir. 1943); and Burke v. Mingori, 128 F.2d 996 (10th Cir. 1942), cert. den. sub nom. Mingori v. Broderick, 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533.

■ The plaintiff's attempts to have the taxation of dealer reserves declared unconstitutional are inappropriate in this action by reason of his inability to obtain a declaratory judgment as to federal taxes under 28 U.S.C. § 2201.

■ The plaintiff's demand for a refund must fail because of noncompliance with § 7422(a) of the Internal Revenue Code of 1954. This section provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed * * *."

In Long v. Gray, 130 F.Supp. 194 (W. D.Ky. 1955), the court said:

"The law provides the method by which a refund may be had where the tax collected is unlawful or subject to be refunded for any reason. The complaint here does not allege that any demand for refund was made nor that any claim has been filed. Such an allegation is a jurisdictional fact. With-

out the filing of a claim for refund for the recovery of any amount alleged to have been illegally collected no action will lie. 26 U.S.C.A. § 3772; United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Rock Island Arkansas & Louisiana Railroad Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188."

The court being of the opinion that the plaintiff is not entitled upon his present complaint to injunctive relief, declaratory relief, or a claim for refund, it follows that the defendant's motion for dismissal must be granted. The plaintiff's motion for injunctive relief must be denied.