**Elisa V. BELTRAN et al., Plaintiffs,**

v.

**Sheldon COHEN, Commissioner of Internal Revenue Service et al., Defendants.**

**No. 49250.**

United States District Court
N. D. California.

March 11, 1969.

Robert L. Gnaizda, Martin R. Glick and Allan I. Blau, Salinas, Cal., for plaintiffs.

Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is a civil action for declaratory and injunctive relief brought by plaintiff, an agricultural field worker, on behalf of herself and the class she purports to represent, against the Commissioner of the Internal Revenue Service, the Secretary of the United States Treasury Department, and certain Internal Revenue Service officers, to restrain defendants from levying on her wages to collect federal income taxes due from her, upon the ground that the levies, and the statute authorizing them, deprive her of property without due process of law and compel involuntary servitude in violation of the Fifth and Thirteenth Amendments.

The gist of the complaint is that the levies were made under a statute which makes no provision for exempting from levy any portion of the taxpayer's wages or salary.

The case is now before the court on plaintiff's application for convening of a three judge court under Title 28 U.S. C. § 2282, and defendants' motion to dismiss on the ground of failure to state a claim upon which relief can be granted.

The record consists of the complaint, as amended, defendants' affidavit of Revenue Officer Green (with exhibits), answers to certain interrogatories propounded by plaintiff concerning the tax collection policies and practices of the Internal Revenue Service, and a declaration of Judy Iman, payroll clerk of plaintiff's employer.

■ Since matters outside the pleading are presented and not excluded by the court, and since it appears that all parties have had reasonable opportunity to present pertinent material, the motion to dismiss will be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure. Rule 12(b), F.R.Civ.P.

The record shows, in substance and effect, that on June 2, 1967, income taxes and interest in the total amount of $402.80 were assessed against plaintiff and her husband on the basis of a joint income tax return which they filed without payment for the calendar year 1966.

On January 22, 1968, the delinquent account was referred for field collection and, after a series of efforts to effect collection (as related in the affidavit of Revenue Officer Green on file herein), Notices of Levy upon plaintiff's wages were mailed to her employer—one on March 12, 1968, and a second on April 5, 1968. These two levies yielded $40.10 and $84.67, respectively.

When the Revenue Officer discovered that plaintiff had on November 30, 1966, financed the purchase of a 1966 Buick for $2,957.40, payable at $93.35 per month, he mailed a third Notice of Levy to plaintiff's employer on May 8, 1968.

On May 10, 1968, the Revenue Officer received a letter from plaintiff indicating that plaintiff had become separated from her husband and that the levy of May 8th would cause undue hardship to plaintiff and her family. The Revenue Officer determined that the levy should be released, and with the concurrence of his Group Supervisor and Area Collection Manager, he released the levy.

On May 14, 1968, subsequent to the release, this suit was commenced and a temporary restraining order was issued.

The power of Congress to lay and collect taxes derives from Article I, Sec-

tion 8 of the Constitution. The power to lay and collect taxes on income derives from the Sixteenth Amendment.

Congress has provided that a lien arises in favor of the United States upon all property belonging to any person liable to pay any tax who neglects or refuses to pay it after demand. Title 26 U.S.C. § 6321. The lien arises at the time the tax is assessed and continues until the tax is satisfied or becomes unenforceable by reason of lapse of time. Title 26 U.S.C. § 6322.

Further, Congress has authorized the Secretary of the Treasury to take administrative action to collect unpaid taxes by means of a levy on any property subject to the tax lien, and to make levies as often as may be necessary until the tax and expenses of levy are fully paid. Title 26 U.S.C. § 6331.

Congress has exempted certain property from the levy power granted to the Secretary. Title 26 U.S.C. § 6334(a) excepts such items as wearing apparel, school books, fuel, provisions, furniture and personal effects of the taxpayer's household, books or tools necessary for the taxpayer's trade or business, unemployment benefits, certain annuity and pension payments and workmen's compensation payments.

■ Salaries and wages, however, are not included in these exemptions. Section 6334(c) specifically provides that "no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." Salaries and wages are, therefore, subject to levy under this section. See, Sims v. United States, 359 U.S. 108, 110–111, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959).

Although the law clearly authorizes levy upon salary or wages, the Commissioner of Internal Revenue has adopted certain procedures designed to avoid undue hardship to a delinquent taxpayer. See, Commissioner's Answers to Interrogatories.

For example, the Internal Revenue Manual requires not one but three no-tices before levy action is taken. Furthermore, if the taxpayer demonstrates hardship, a deferred payment plan may be arranged or collection suspended, as was done in the present case.

It is true that the federal law does not exempt any part of the wage or salary of the taxpayer from the levy. It may be that Congress should and will eventually exempt some part of the salary or wage. However, Congress has not manifested up to this time any such intention. On the contrary, Section 303 of the recently enacted Consumer Credit Protection Act, Public Law 90–321, 82 Stat. 146, Title 15 U.S.C. § 1673, restricting the amount of a worker's earnings which may be subject to garnishment, contains the express exception that such restriction does not apply to "any debt due for any State or Federal tax."

Plaintiff contends that the statutory authorization for levy upon wages or salary, without exemption of any portion thereof, amounts to a denial of due process and in effect subjects the taxpayer to involuntary servitude.

■ It is well settled that provisions for the summary, administrative collection of taxes are not violative of due process. See, Murray's Lessee v. Hoboken, Land & Improvement Co., 59 U.S. 272, 15 L.Ed. 372 (1855); Mason v. Rollins, 16 Fed.Cas. p. 1061, No. 9,252 (N.D.Ill.1869); Springer v. United States, 102 U.S. 586, 26 L.Ed. 253 (1880); Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); and Communist Party U.S.A. v. Moysey, 141 F.Supp. 332, 339 (S.D.N.Y.1956). See also, De Mille v. A.F.R.A., 31 Cal.2d 139, 187 P.2d 769, 175 A.L.R. 382 (1947), cert. denied 333 U.S. 876, 68 S.Ct. 906, 92 L.Ed. 1152 (1948).

■ We cannot say that the Congressional provision for summary levy on wages and salaries is a denial of due process merely because it does not provide for exemption of some part of the wage or salary of the tax debtor.

Although at first reading such a statute might seem harsh, it must be borne in mind that a duly assessed tax, especially a tax self-assessed by the taxpayer on his income tax return, implies that the taxpayer had property, money income in this case, out of which the tax could have been paid if the taxable portion of that income had been reserved from spending for other purposes. Thus, any harshness in a salary or wage levy without exemption is more apparent than real. The hardship stems more from the conduct of the taxpayer than from the nature of the statute.

■ Congress has the power to consider the national interest in effective tax collection from all tax debtors against the interests of delinquent tax debtors themselves. It may choose to preserve what it deems to be the preponderant public concern over the other, and a law is not unconstitutional merely because it results in financial injury to a citizen. Porter v. Shibe, 158 F.2d 68, 73 (10th Cir. 1946).

■ It is true that the guarantee of due process is infringed if the means chosen by Congress to effectuate a public interest are unnecessary or inappropriate to the proposed end, are unreasonably harsh or oppressive, when viewed in the light of the expected benefit, or arbitrarily ignore recognized rights to enjoy or to convey individual property. Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 90, 56 S.Ct. 70, 80 L.Ed. 62 (1935).

Summary levy on wages or salaries (without partial exemption) to collect the amount of tax due does not necessarily work hardship in all situations, although it may do so in particular cases. The Internal Revenue Manual, recognizing particular hardship cases and providing for release of levy as in the pending case, mitigates any significant hardship under the statute as it is applied. We cannot say that the Congressal determination of means necessary to protect the public interest in tax collection goes so far as to infringe due process of law.

■ Nor does the tax collection here in question constitute involuntary servitude within the meaning of the Thirteenth Amendment. The essence of slavery or involuntary servitude is that the worker must labor against his will for the benefit of another. Wicks v. Southern Pacific Co., 231 F.2d 130 (9th Cir. 1956), cert. denied, Wicks v. Brotherhood of Maintenance, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471 (1956). Plaintiff is not being compelled to work against her will for the benefit of the government. She may choose not to work. Furthermore, it has been held that the requirements of the tax laws, even if imposing a kind of servitude, do not impose the kind of involuntary servitude referred to in the Thirteenth Amendment. See, Abney v. Campbell, 206 F.2d 836, 841 (5th Cir. 1953), cert. denied 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417 (1954); and Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954).

■ For a further reason plaintiff's prayer for declaratory and injunctive relief cannot be granted. With certain exceptions not applicable to the instant case, Title 26 U.S.C. § 7421 expressly prohibits suits to restrain the assessment or collection of any federal tax. It has been held that this is true even when unconstitutionality of the tax is claimed. See Dodge v. Osborn, 240 U.S. 118, 121, 36 S.Ct. 275, 60 L.Ed. 557 (1916); Bailey v. George, 259 U.S. 16, 20, 42 S.Ct. 419, 66 L.Ed. 816 (1922); Martin v. Andrews, 238 F.2d 552, 557, 65 A.L.R.2d 543 (9th Cir. 1956); and Dyer v. Gallagher, 203 F.2d 477, 479 (6th Cir. 1953).

Title 28 U.S.C. § 2201 provides that any court of the United States may grant declaratory relief, except with respect to federal taxes. The exception has been applied to deny declaratory relief even when the constitutionality of the tax has been questioned. See, Martin v. Andrews, supra; and Jules Hairstylists of Maryland, Inc., v. United States, 268 F.Supp. 511, 515–516 (D.Md.

1967), affirmed 389 F.2d 389 (4th Cir. 1968).

It has been held that courts may restrain the assessment and collection of a federal tax, notwithstanding the provisions of Title 26 U.S.C. § 7421, when the tax is clearly illegal, and there are other grounds for the exercise of equity jurisdiction. See, Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); and Miller v. Standard Nut Margarine, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). In the present case, however, there is no claim that the tax assessment itself is illegal. On the contrary, plaintiff alleges that she has at all times been willing to pay it through a payment schedule to be arranged with Internal Revenue.

It further appears that the release of the most recent levy has rendered the issue moot. Although the proceeds of the first two levies have been collected by Internal Revenue, no suit will lie to recover such collection until plaintiff first petitions Internal Revenue for a refund. Title 26 U.S.C. § 7422(a). Nor does there appear to be any threat of further levies in view of the Internal Revenue determination that such would create hardship in this particular case.

For the foregoing reasons, the court concludes that plaintiff's claim is obviously without merit and, further, that its unsoundness so clearly results from previous decisions of the Supreme Court as to leave no room for inference that the question sought to be raised can be the subject of controversy. See, Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

Therefore, no substantial constitutional question is presented within the meaning of Title 28 U.S.C. § 2282 requiring the convening of a three judge court.

Plaintiff's application for a three judge court is, therefore, denied and summary judgment is granted in favor of defendants.