Bell *v.* Clay County *et al.*

(*Nashville*, December Term, 1933.)

Opinion filed July 14, 1934.

SIDWELL & CULLOM, of Celina, and MANIER & CROUCH, of Nashville, for appellant.

ROY H. BEELER, Attorney-General, and EDWIN F. HUNT, Assistant Attorney-General, for appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Complainant, E. A. Bell, sues to recover from Clay county and state and county officers sums paid as a privilege tax. The theory of the bill is that the payment was made under protest and duress, and that the tax was not a proper or legal charge against the complainant.

The bill was dismissed, on demurrer, and complainant has appealed.

The case for the complainant is that his pending civil action to recover, on a contract obligation, a sum of money many times in excess of the tax involved was resisted on the ground that his claim arose from his exercise of a taxable privilege in Clay county, for which he had not paid the tax due the state and county. Complainant knew that the county had not levied such a tax and believed that his payment of the state tax in another county entitled him to exercise the privilege in Clay county. However, his stake was so great he could not afford to risk his right to sue on his claim, and although the collecting officers of the state and county were completely

passive, making no demand upon him, he paid double the tax, and penalties, as authorized by the revenue act, Pub. Acts 1931 (Second Extra Session), chapter 13, article 4, section 17. The payment was $690. The sum involved in the pending litigation was more than $5,000.

The county court clerk of Clay county, to whom the payment was made, was fully advised of the circumstances under which complainant was acting; and this suit was brought within thirty days from the date of the payment.

The recited facts confer upon the complainant no right of action for the sum paid as a state tax. Such a right of action can arise only by virtue of sections 1790-1792 of the Code. Under those sections payment of a state tax may be made under protest, with the right to sue for its recovery, only when the officer charged with its collection "shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due."

Since the officer to whom the payment here involved was made was not only taking no steps to collect it, but was making no claim that complainant was in default, the conditions prescribed by the statute as precedent to the right to sue the state's officers are not present, and the suit may not be maintained.

The statute above cited does not, however, apply to the collection of county revenue or to suits for the recovery of tax payments made to a county. *Railroad* v. *Williams,* 101 Tenn., 146, 46 S. W., 448. An illegal tax wrongfully collected by a county may be recovered, if paid under duress sufficient to create an urgent and immediate necessity. *Cincinnati, N. O. & T. P. R. Co.* v.

*Hamilton County*, 120 Tenn., 1, 113 S. W., 361, and cases there cited.

The payment of a sum of money to avoid the hazard of a disproportionately larger sum is sometimes treated as an involuntary payment, made under duress, so that a suit to recover the sum paid may be maintained. *Still v. Equitable Assur. Soc.*, 165 Tenn., 224, 54 S. W. (2d), 947, 86 A. L. R., 382.

Statement of the general rule that the duress which will sustain the recovery of a payment, otherwise voluntary, must proceed from the person to whom the payment is made, is sometimes qualified by the statement that the payment may not be recovered from a person who did not exercise the duress "or have knowledge thereof at the time of receiving the money." 48 C. J., 753 (Payment, section 308).

The case made by complainant's bill is that the county's part of the tax paid was received by the county's officer without any claim of right or title. No levy of such a tax had been made by the county, and no county officer was claiming that complainant was liable for it. The acceptance of the sum tendered under these circumstances, with full knowledge of the situation impelling complainant to make the tender, was an adoption by the county's agent of the coercion exercised on complainant by his adversary in the pending suit. The bill states no reason justifying the county in receiving or retaining the sum so paid to its agent.

The payment having been received by the county without claim of right, and with knowledge that it was made by complainant under duress, and under protest, we think complainant entitled to sue to recover the sum paid and received for the county.

The decree of the chancellor will be modified so as to overrule the demurrer, in so far as it challenges the right of the complainant to maintain his action for the sum paid as a county tax, and as to that issue the case will be remanded for further proceedings. The costs of this appeal will be paid by the complainant.