**Eva Stella DIXON, Plaintiff,**

v.

**John KING, Commissioner of Revenue, State of Tennessee, Defendant.**

Supreme Court of Tennessee.

May 31, 1983.

Opinion on Petition to Rehear
Sept. 6, 1983.

Charles A. Walt, Memphis, for plaintiff.

William M. Leech, Jr., Atty. Gen., Kathryn Behm Celauro, Asst. Atty. Gen., Nashville, for defendant.

## OPINION

FONES, Chief Justice.

This is a direct appeal by plaintiff, Eva Dixon, from an adverse decision of the Chancery Court in a suit to recover sales taxes paid under protest more than six years after the taxes were due and tax lien filed.

### I.

There was no testimony adduced in this case. A two paragraph stipulation was filed, with copies of two recorded tax liens attached as exhibits thereto.

The stipulation revealed that on the 14th of February, 1968, the Commissioner of Revenue filed a state tax lien upon "all property and all rights, title and interest in property belonging to Eva R. Dixon d/b/a Dixon Laundry Cleaners for delinquent sales taxes in the amount of $8,277.51." On September 27, 1968, a lien was filed for an additional delinquency of $6,154.45. In August and October of 1979, taxpayer made payments of $4,716.32 and $2,978.76 to the Commissioner of Revenue, under protest. Taxpayer filed suit to recover both payments on September 6, 1979. The foregoing was all of the proof before the trial court, and of course, is all that is in the record before us.

### II.

The learned chancellor filed a memorandum opinion wherein he recited the following:

"The plaintiff, Eva Stella Dixon ... owned certain real property in Shelby County, Tennessee and when the plaintiff attempted to convey her interest in said property it was determined that the defendant had recorded state tax liens in the amount of ... [liens and payments described as above].

It is undisputed that the sales tax which prompted the recording of these liens was due and owing to the State of Tennessee. The only issue that was presented to the Court is whether or not the liens are extinguished as a result of the running of the statute of limitations."

The chancellor's memorandum continued with a summary of plaintiff's and defend-

ant's contentions on the issue of the six year statute of limitations and his conclusion that it was not necessary to decide that question.

The chancellor found that plaintiff had voluntarily paid the tax and denied recovery, upon the following rationale:

"The plaintiff's payment was made in order to clear title to real estate and not made under compulsion or duress of any kind from the State; the officer to whom the payment was made was taking no steps to collect the tax and making no claim that the plaintiff was in default and was not penalizing, or attempting to penalize the plaintiff's business operations or the plaintiff personally, in any way.

Under sections 67–2303 and 67–2305 of the Tennessee Code, a state tax may be paid under protest, with the right to sue for its recovery only when the officer charged with its collection shall institute or take steps for the collection of the sum claimed to be due. *Bell v. Clay County,* 168 Tenn. 6 [73 S.W.2d 685].

The Court is therefore of the opinion, and so finds, that the conditions precedent to the right to sue the State, prescribed by statute are not present in this case and the suit therefore cannot be maintained."

### III.

The chancellor reached the correct result in this case. In *Stroop v. Rutherford County,* 567 S.W.2d 753 (Tenn.1978), the long-standing Tennessee rule that taxes voluntarily paid cannot be recovered was affirmed as follows:

"[i]t is generally agreed that if a taxpayer pays an illegal tax demand, with full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity for making such payment at the time, such a payment must be deemed to be voluntary, and cannot be recovered back. *City of Mem-*

*phis v. W.M.S. Co.,* 46 Tenn.App. 153, 326 S.W.2d 828 (1959); 72 Am.Jur.2d 343 *State and Local Taxation* § 1081 (1974)." *Id.* at 756.

*Stroop* also may be said to stand for the proposition that a taxpayer must allege and prove that he paid the tax he seeks to recover, involuntarily or under duress, even though such a rule is not expressly articulated therein.

The record in this case does not support the chancellor's statement that plaintiff paid the tax "in order to clear title to real estate" nor does it support the inaction of state officials except by the implication arising from the passage of time without collection of the tax. However, we assume that the lawyers presented these facts as oral stipulations during the course of the trial, as neither party questions in this court the accuracy of any of the facts stated by the chancellor that find no support in the record.

■ Absent specific proof of the pendency of a sale, we cannot agree that a plaintiff taxpayer has satisfied the requirement of an "immediate and urgent necessity for making such payment at the time . . ." by a bare showing that it was done in order to clear title for the purpose of transferring the property.

The judgment of the trial court dismissing the suit is affirmed. Costs are adjudged against plaintiff.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.

### OPINION ON PETITION TO REHEAR

■ Plaintiff, Eva Stella Dixon, has filed a petition to rehear complaining that neither this Court nor the Chancery Court of Shelby County passed upon the validity of the state's tax lien in this suit to recover a tax paid under protest.

The Commissioner of Revenue has filed a response to the petition to rehear, as or-

dered by the Court, wherein it is conceded that the tax lien is unenforceable and that the State cannot maintain any action affecting plaintiff's title to the realty in question because of the bar of the statute of limitations. This concession renders plaintiff's complaint moot and it is therefore unnecessary that we state our reasons for not adjudicating the status of the tax lien.

The petition to rehear is respectfully denied.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.